IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1878, IN THE SIXTY-
SECOND YEAR OF THE STATE.

---

### STANBROUGH v. STANBROUGH.

HUSBAND AND WIFE.—*Abandonment of Wife.*—*Statute Providing Relief for Wife.*—The term "abandonment," as used in the act of March 7th, 1857, 1 R. S. 1876, p. 553, providing for the relief of married women who have been deserted by their husbands, means the act of a husband in wilfully leaving his wife, with the intention of causing a palpable separation between them, and it implies an actual desertion of her by him.

SAME.—The relief contemplated by such statute can not be had by a wife who leaves her husband, though she have good cause for so doing.

SAME.—*Judgment.*—*Alimony.*—In a proceeding under such statute, by a wife who has been abandoned by her husband, she is entitled to judgment, not personally against the husband for sums of money as alimony, but that specified property of the husband be rented or sold, for her benefit.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellee.

NIBLACK, C. J.—This was a proceeding by Elizabeth Stanbrough against John Stanbrough, her husband, under the

Stanbrough v. Stanbrough.

act of March 7th, 1857, providing "for the relief and support of married women, when deserted by their husbands," etc.  1 R. S. 1876, p. 553.

The complaint alleged, that the plaintiff and defendant were married on the 9th day of November, 1873; that the plaintiff was, at the time, a widow of about forty-seven years of age, and the mother of three minor children by her former marriage; that the defendant was, at the time, a widower and the father of a family of children by his former marriage; that, after their marriage, the defendant took possession of, and converted to his own use, personal property of the plaintiff of the value of seventy-five dol-lars; that the defendant was, at the time of filing the complaint, the owner of seventy acres of land, describing it, of the value of four thousand dollars, and of the annual rent-al value of two hundred and fifty dollars, also, of several hundred dollars worth of personal property, including two black mares and three milk cows; that, after their marriage, the plaintiff and defendant lived and cohabited together, as husband and wife, for about seven months; that, soon after their said marriage, the defendant commenced toward the plaintiff, without any fault on her part, a system of coarse, brutal and inhuman treatment, finding fault with the plaintiff's every act, and finally refusing to permit her to share his table with him, thus compelling her to starve or to seek a home elsewhere; that, for the preceding nine months, the defendant had wholly abandoned the plaintiff, and failed to make any provision whatever for her support, leaving her in very destitute circumstances, and without even the means to employ counsel.  Wherefore the plaintiff prayed, that so much of the personal property of the defendant as might be needed for that purpose, might be sold for her support, and that a suitable provision and settlement might be made for her future support during her natural life, and that she should have all other proper relief.

The defendant answered, in three paragraphs:

1. Admitting the marriage, and the ownership of the property described in the complaint, but denying every other material allegation;

2. Setting up an ante-nuptial agreement, providing that the plaintiff should retain her separate property, for the use of herself and her children, and that the defendant should retain his separate property, for the use of himself and his children, and alleging that the plaintiff, voluntarily and without any just cause or fault on his, defendant's, part, left and abandoned his home, taking with her her separate property, amounting in value to the sum of four hundred dollars;

3. Alleging that he, the defendant, had been at all times ready, willing and able to provide for the plaintiff, in a suitable manner, at his own home, but that she had refused to accept such a provision, voluntarily abandoning his home, and remaining away, without any just cause.

The plaintiff replied in general denial.

The cause was tried by the court, without a jury, and there was a general finding for the plaintiff.

Over a motion for a new trial, the court rendered a judgment on its finding, as follows: "It is therefore considered by the court, that the defendant be, and is hereby, ordered now to pay to the plaintiff the sum of sixty-five dollars, for her maintenance; on the 15th day of June, A. D. 1876, to pay to her the further sum of sixty-five dollars, and on the 15th day of each succeeding June thereafter the further sum of sixty-five dollars, until the further order of this court. All of said payments to be so made for the purpose aforesaid.

"And in case the defendant shall fail or refuse to [pay] the plaintiff the sum of sixty-five dollars now due, and in case he shall fail to pay the said sum of sixty-five dollars to become due on the said 15th day of June, 1876, or any subsequent payment herein ordered to be made by him to the plaintiff, for the purposes aforesaid, the sheriff

of said county, upon a duly certified copy of this order, issued to him, is hereby authorized to levy upon and sell the two black mares and the three milk cows now owned by the defendant, and, also, seventy acres of land off of the north side of the north-east quarter of section three (3), township eighteen (18), range three (3) east, in Hamilton county, Indiana, or so much of said property as may be necessary to pay and satisfy all or any portions of said sums of money as the defendant shall fail or refuse to pay as aforesaid, after the maturity of the same.

"All sales of property herein authorized shall be made on the same terms, and in the same manner, as similar property is now sold by said sheriff on execution; and any property sold by said sheriff in pursuance of authority herein conferred shall be conveyed at the same time, and in the same manner, as property sold on execution; and that a duly certified copy of the above and foregoing judgment, issued by the clerk of this court, under his hand and the seal of this court, shall be sufficient authority to the sheriff in making sale of said property as herein ordered; and that the plaintiff recover of the defendant all costs and charges herein expended, taxed at ———— dollars and ———— cents." To all of which the defendant, at the time, excepted and objected.

Both parties testified on the trial, without any objection to their competency.

The plaintiff testified to a system of querulousness and fault-finding on the part of the defendant, by reason of which she felt constrained to leave, and did leave, his house, concluding by saying, that " I was afraid of my life; there was nothing in his conduct beyond coldness and indifference and finding fault with every thing I did. He never struck me at any time. * * * When I went away, I took the household property with me which I took there."

The defendant, in his testimony, denied the ill treatment complained of, expressed himself satisfied with the

plaintiff's general conduct while she remained with him, and asserted that she voluntarily left his house, against his consent. He also stated that he consented that she might take her separate property with her, when she left his house.

Other witnesses testified to the circumstances under which the separation took place, but their testimony, being somewhat conflicting, did not throw much additional light on the subject.

The weight of the testimony would seem to be to the effect, that the plaintiff, for some reason satisfactory to herself, resolved to leave, and did leave, the defendant's house, and that the defendant either consented to her leaving, or made no serious objection to it.

We think the evidence did not make out a case of abandonment, against the defendant, within the meaning of the statute. The testimony of the plaintiff tended to make a case of cruel treatment, but not of abandonment, as charged in the complaint.

Abandonment, in the sense in which it is used in the statute under which this proceeding was commenced, may be defined to be the act of wilfully leaving the wife, with the intention of causing a palpable separation between the parties, and implies an actual desertion of the wife by the husband.

To show, therefore, that a wife had to leave her husband for cause, does not make out a case of abandonment by the husband, under this statute.

We feel constrained to hold, that the evidence did not sustain the finding of the court, and that the court erred in overruling the motion for a new trial.

We are also of the opinion, that the judgment entered in this case was not authorized by the statute above referred to. As we construe that statute, no personal judgment against the husband, or order for the payment of money by him in instalments, or other provision for permanent alimony, is contemplated by it. Its purpose seems to be to

prescribe a mode by which the property of deserting husbands can be either rented or sold, from time to time, for the temporary support of their wives, and not to provide alimony, as in cases where a divorce has been decreed between the parties.

Alimony is not a matter of common-law origin, and in this State is only incidental to proceedings for a divorce.

The judgment is reversed, at the costs of the appellee, and the cause remanded for a new trial