ELIZABETH SHOREDICHE

*v.*

WILLIAM SHOREDICHE.

*Filed at Ottawa November 14, 1885.*

1.    DIVORCE—*sufficiency of proof of extreme and repeated cruelty.*    On a bill for divorce by a wife against her husband, the evidence showed that some eight years before, the defendant, while lying on a lounge, kicked the wife on the breast, upon her refusal to let him have money, and her admission that he did not mean to do the injury was proved.    The proof further

showed that shortly before the filing of the bill, the defendant, while engaged in a struggle with his son, in which she interfered, struck her a blow on the cheek, her testimony leaving it doubtful whether or not the blow was accidental. She also testified, on cross-examination, as to having been shaken by him, leaving black marks on her wrists. The court below dismissed the bill: *Held*, that under the evidence the decree could not be said to be so clearly wrong as to call for a reversal.

2. Evidence of abusive and obscene language of the husband to his wife, in the presence of the family and others, can not be taken to supply the lack of proof of the material charge in the bill as to extreme and repeated cruelty and habitual drunkenness.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. P. L. SHUMAN, for the appellant.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for divorce, filed by Elizabeth Shorediche, against William Shorediche, in the circuit court of Cook county, the bill containing the charges of extreme and repeated cruelty, of using harsh, abusive and obscene language toward the complainant in the presence of her neighbors and children, of habitual drunkenness for two years, and failure to support complainant and family for five years preceding the filing of the bill. Answer was filed, and upon hearing, on oral evidence, the court decreed in favor of the defendant, dismissing the bill at complainant's costs, for want of equity. On appeal, the Appellate Court for the First District affirmed the decree, and complainant appealed to this court.

The only statutory grounds for divorce charged in the bill are extreme and repeated cruelty, and habitual drunkenness for two years. All the evidence in support of the first charge, as given by the complainant herself, is comprised, substantially, in her having been kicked on the breast some eight years before, and being struck a blow on the cheek a short

time before the filing of the bill.   As to the first mentioned act, she says defendant was lying on a lounge, and she sat at its foot, and that the kick was given on her refusal of defendant's demand for money.   There was in evidence an admission on her part, when showing the mark of the injury to a witness, that the defendant did not mean to do the injury. Defendant's account is, that he had taken off his boots, and was lying on the lounge, reading; that complainant commenced annoying him by troubling his feet, and that he drew back his foot and kicked her.   The blow on the cheek seems to have been received during a struggle of some violence, between defendant and his son, when complainant interfered.   Her own account does not leave it certain that the blow was anything more than accidental.   She says: "He (defendant) was wanting to fight; didn't care who he would strike, or what, and in the struggle I got a blow,—a well-directed blow on the cheek.   *   *   *   He didn't look,— didn't care who he would hit; he wanted to fight me or my son, and it didn't matter who he could hit."   This kick and blow were the only acts of physical violence testified to by complainant on her direct examination.   During the course of the cross-examination, in answer to the court, complainant did testify further as to having been shaken, and carrying black marks on her wrists where defendant had taken her by the wrists and shaken her.

As to the charge of habitual drunkenness for two years, it can hardly be said that charge is substantiated by the evidence.   There is considerable evidence of use of abusive language, but this can not be taken to supplement the lack of proof of the material charges in the bill which form grounds for divorce.

We are unable to say, under the evidence, the decree is so clearly wrong that it should be disturbed, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*