EDWARD N. WALTERMIRE, Appellant, *v.* MARIA WALTERMIRE, Respondent.

In an action by a husband for a separation on the ground of abandonment, the defendant may set up cruel and inhuman conduct upon the part of the plaintiff, not only as a defense, but as a counter-claim, and, on proof of the allegations, is entitled to a judgment for a separation and reasonable support.

In such an action, it appeared that, in 1877, the husband laid violent hands upon his wife, led her to the door, threatened to knock her down, and struck at her twice. On another occasion, when she fell to the floor from

sickness, he said "It was a pity she ever got up;" and again, "I will be glad when you draw your last breath." He frequently called her opprobrious names and accused her of infidelity, naming various men with whom he charged her with having improper intercourse. She left his house in 1882. *Held,* the facts justified a finding of cruel and inhuman treatment.

(Submitted June 14, 1888; decided June 29, 1888.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 15, 1885, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought, under section 1762 of the Code of Civil Procedure, for a separation.

The answer admitted that defendant left her husband and ceased to live with him in 1882, but alleged it was with his consent. The answer also alleged cruel and inhuman treatment on the part of the plaintiff, and asked for a decree of separation with an allowance for alimony.

The material facts are stated in the opinion.

*Henry W. Gilbert* for appellant. A *prima facie* desertion is constituted by ceasing to cohabit and an intent in the mind of the accused party to desert. (2 Bish. on Mar. and Div. 671.) The plaintiff is not required to show negatively that no cause existed, for none appearing the law will not presume one. The presumption is that there was none, and that the defendant intended the consequences resulting from her acts. (1 Bish. on Mar. and Div. 777; 2 id. [6th ed.] 673; *Morrison* v. *Morrison.* 20 Cal. 431, 432.) The defendant, on the issue of cruel and inhuman treatment, also held the affirmative. It was for her to establish satisfactorily to the court that there had been " actual violence committed by the plaintiff against her with danger to life, limb or health, or that there was a reasonable apprehension of such violence." (*Kennedy* v. *Kennedy,* 73 N. Y. 369; 1 Bish. on Mar. and Div. [6th ed.] 717, note; *De Mali* v. *De Mali,* 5 Civ. Pro. R. 306.) Mere austerity of temper, petulance of manners, rudeness of lan-

guage, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal°cruelty. (*Kennedy* v. *Kennedy,* 73 N. Y. 369; *Evans* v. *Evans*, 1 Hag. [Eng. ed.] 325; *De Mali* v. *De Mali*, 5 Civ. Pro. R. 306; *Ruckman* v. *Ruckman*, 58 How. Pr. 278; 1 Bish. on Mar. and Div. [6th ed.] §§ 717, 748.) No charge of infidelity made against the wife by the husband amounts to legal cruelty, unless it is "false," "malicious," "made in her presence and to her," and "as auxiliary to and in aggravation of threatened violence." (*De Mali* v. *De Mali*, 5 Civ. Pro. R. 306; *Kennedy* v. *Kennedy*, 73 N. Y. 369; *Whispell* v. *Whispell*, 4 Barb. 217; *Barlow* v. *Barlow*, 2 Abb. [N. S.] 259.) The fact that the first, last and only act of violence was committed in a mutual quarrel in 1877, and the defendant continued to live with the plaintiff until September 20, 1882, amounted to a condonation of the act complained of. (*Reynolds* v. *Reynolds*, 4 Abb. Ct. of App. Dec. 35.) The defendant, by admitting the abandonment of the plaintiff, and by seeking, affirmatively, a decree of separation, is in the same position, and must establish her case by a preponderance of evidence, the same as though she had commenced an action against her husband for separation on one or all of the grounds under section 1762 of the Code. (*De Mali* v. *De Mali*, 5 Civ. Pro. R. 321, 322.)

*John P. H. Tallman* for respondent. It must be a very strong case which will induce this court to grant a final separation on the application of the husband. (*Palmer* v. *Palmer*, 1 Paige, 276.) Ill treatment and personal injury, or a reasonable apprehension of personal injury, is cruelty. Words of menace, accompanied by a probability of bodily violence, will be sufficient. It may be enough if they are such as inflict indignity or threaten pain. So, also, is a groundless and malicious charge against the wife's chastity. (*Whispell* v. *Whispell*, 4 Barb. 217.) So are the words of menace, accompanied by probability of personal violence. (*Davies* v. *Davies*,

55 Barb. 130.) If a wife is personally charged with infidelity, where the charge is unfounded and malicious, it may be regarded as cruel. (*De Mali* v. *De Mali*, 67 How. 33.) As great cruelty and as much inhumanity may be manifested in producing mental as in causing physical sufferings. They may be produced by acts which cause no physical pain, and even by words alone, and in cases like the present such acts and words have been regarded as cruelties. (*Bihin* v. *Bihin*, 17 Abb. 19, 26.) It is proper, under the general allegations of the pleading, to look at the general conduct of the husband towards his wife during their cohabitation, for the purpose of understanding more fully the particular circumstances complained of, and the relations existing between the parties. (*Whispell* v. *Whispell*, 4 Barb. 217.) Where condonation is inferred from continued cohabitation, that condonation is regarded as conditional upon the husband's subsequently treating his wife with conjugal kindness. (*Whispell* v. *Whispell*, 4 Barb. 217.) When such condition is not kept, or where, after such implied condonation, the husband treats his wife improperly, her case, under such circumstances, rests upon a review of all of his conduct towards her during their married life. (*Davies* v. *Davies*, 55 Barb. 130.)

DANFORTH, J. The courts were not troubled in this case with contradictory statements nor the evidence of casual observers whose inferences might be inflamed or partial, as their sympathies went with one or the other party. They have had only the testimony of the defendant, and that given not voluntarily or as a witness in her own behalf, but on compulsion of the plaintiff and then left by him undisputed. Yet from this testimony the courts below have reached different conclusions, the trial judge relieving the plaintiff by a decree in his favor, and the General Term adjudging that the plaintiff was at fault, and not only to be defeated by his own misconduct, but that by reason of it the defendant was entitled to recover upon her affirmative allegations. A new trial was, therefore, ordered, but the plaintiff by appealing makes that impossible, and he

consents to judgment absolute if the decision shall be affirmed. We think the evidence justified the conclusions of the General Term. The parties were married in 1834, and from that time until September, 1882, nearly half a century, lived together as husband and wife, she rendering wifely service as a help-mate in all that that term implies, until, as she alleges, compelled " by his faithless and hateful conduct as a husband, and his cruel and inhuman treament, to leave his side."

The evidence in the case was adopted by the court as the defendant's pleading. From that it appears that in 1877 the plaintiff laid violent "hands upon her, led her to the door, threatened to knock her down, and struck at her twice." Upon another occasion, falling to the floor from sickness, " he said it was a pity she ever got up;" and again he said, " I will be glad when you draw your last breath." He called her " all the bad names that belong to a bad woman;" " a dirty bitch," " a liar," " a whore." He accused her of being " with different men in the neighborhood — naming several — and having with them improper intercourse." These are the gravest circumstances that characterize his conduct as " cruel and inhuman." There are many others which made her life miserable and rendered it unfit that she should live with him, and impossible for her to do so with any sense of self-respect, or with any comfort. They were continuous and not occasional. Those mentioned bring the case within the statute which for cruel and inhuman treatment permits a separation (Code, § 1762); and that relief, by the terms of the same statute (Id. § 1720), may be had by the wife, although the husband is the plaintiff. The circumstances which constitute his misconduct not only defeat his action, but entitle the defendant to the protection of the court. The ill-feeling of the plaintiff towards his wife was manifested repeatedly, not by mere " petulance or rudeness," but by a series of acts of personal violence and a continual use of insulting language. He thus caused the abandonment of which he complains, and his conduct entitles the defendant to a separation and a reasonable support at his hands. (*Barrere* v. *Barrere*, 4 Johns. Ch. 187.)

The order appealed from should, therefore, be affirmed, and the defendant have judgment absolute according to the prayer of the answer.

All concur.

Order affirmed and judgment accordingly.