SETZER v. SETZER.

(Filed April 23, 1901.)

1. DIVORCE—*A Mensa et Thoro—A Vinculo—Abandonment—The Code, Sec. 1285—Acts 1895, ch. 277—Acts 1899, ch. 211.*

Where a husband is compelled to abandon his wife on account of her cruelty, he is entitled to an absolute divorce.

2. DIVORCE—*Abandonment—Adultery—Defense.*

Where cruelty of a wife compelled her husband to abandon her, adultery by him after the abandonment is no valid defense to his suit for divorce.

Action by Henry T. Setzer against Laura A. Setzer, heard by Judge *Frederick Moore* and a jury, at August Term, 1900, of Catawba County Superior Court. From a decree of divorce *a mensa et thoro,* instead of *a vinculo,* as prayed, the plaintiff appealed. ·

*Self & Whitener,* for the plaintiff.
*L. L. Witherspoon,* for the defendant.

Cook, J.   The object of this suit is to dissolve the bond of matrimony existing between the plaintiff and defendant.

Upon the finding by the jury of the issues, his Honor granted a decree of divorce *a mensa et thoro,* to which the plaintiff excepted. The question thus presented for our decision is, whether his Honor erred in not granting a decree of divorce *a vinculo matrimonii,* as prayed for.

The relief sought is based upon the ground of abandonment, under sec. 1285 of The Code, as amended by chapter 277, Acts of 1895, and chapter 211, Acts of 1899.

The issues as found establish the marriage, residence, etc., and that "the plaintiff left his home where the defendant resided, more than twelve months before the commencement of this action, and before the 1st of January, 1899."

The 8th issue, "Was plaintiff compelled to leave defendant and live separate from her on account of the cruel treatment and misconduct of defendant to plaintiff," was also found in the affirmative.

Upon this verdict, it is clear to the Court that the plaintiff was entitled to a decree of dissolution of the bonds, pursuant to said Act of 1895, and that the Court below erred in rendering the decree, set out in the record, for divorce from bed and board. The grounds upon which the statute authorizes the dissolution is the *abandonment* by the wife and living *separate and apart* from her husband. The method or man-

ner by which the abandonment was obtained is not material. Whether she left him, or forced him to unwillingly leave her, is to the same effect and accomplishes the same purpose. Should the husband have driven his wife from his house, or obtained her removal by stratagem, or have withheld from her a support while there, he would have been deemed to have *abandoned* her. Bishop on Marriage, Divorce and Separation, Vol. 1, sec. 1711; *High v. Bailey,* 107 N. C., 70. But "abandonment" is not a complete cause for divorce, nor is "living separate and apart." Both must exist at the same time to constitute a cause of action. In this case it was the wife who, by her *cruelty* and *misconduct,* compelled the husband to leave and live separate and apart from her, which entitled him to the relief sought.

However, in bar of his action, she contends that he is not entitled to a decree, because he is *in pari delicto* in that he has committed acts of adultery "after the separation;" and it is so found by the jury in answer to the 16th issue. It is not charged that any infidelity existed upon his part until *after* he was driven away, notwithstanding the facts as found by the jury that she had refused him bed and cohabitation since the year 1890. This defence as thus established is unsound. In the case of *Foy v. Foy,* 35 N. C., 90, it is held (*Pearson,* J., delivering the opinion), "If a wife leave a husband and refuse to live with him *without* sufficient cause, and he afterwards lives in adultery, there is no cause for divorce; for the consequence may be ascribed to her prior violation of the duty of a wife. No one should be allowed to take advantage of his own wrong." To the like effect are *Whittington v. Whittington,* 19 N. C., 64, and numerous other cases in our reports.

So that she could not be considered the injured, but the injuring party, and, being the cause of the wrong, would not be allowed a decree in her favor. To sustain this defence, in

bar, she must show a separate and distinct offence against the marriage relation, as established by law, which would be a *cause* for divorce.    It must be such as would entitle her to a decree of divorce in an action against the plaintiff.    Neison on Divorce and Separation, secs. 433, 434; 2 Bishop, *supra,* sec. 381.    This she has not done.    Under our statutes, adultery *alone,* committed by the husband, is not a cause.    He must separate from his wife "and live in adultery."    Code, sec. 1285, subsec. 1, neither of which is shown by the defendant.

The exceptions of the plaintiff are sustained and the judgment rendered in the Court below must be stricken out, and a decree for divorce from the bonds of matrimony be entered in conformity with the statute and the verdict of the jury.

Error.