## MILBOURNE v. STATE, EX REL. MILBOURNE.

[No. 20,124. Filed November 3, 1903.]

APPEAL AND ERROR.—*Argument.*—*Waiver.*—A mild and general suggestion of error in giving an instruction is insufficient to shift upon the court the burden of showing error that in the first instance rests upon the party assailing the judgment. *p. 366.*

HUSBAND AND WIFE.—*Abandonment.*—*Penalty.*—*Instruction.*—In an action to recover a penalty under the provisions of §7298a *et seq.* Burns 1901, an instruction that evidence admitted tending to show the treatment of the husband by the wife might be considered by the jury, together with the other evidence in the case, in determining the relations existing between the parties, "and, if you find that defendant abandoned the relatrix, then in determining whether he had any just and sufficient cause for so doing," is not erroneous as limiting the inquiry of the jury to the question whether he had any sufficient cause to abandon her. *p. 367.*

SAME.—*Abandonment.*—*Cruel Treatment.*—*Failure to Support.*—*Penalty.*—Section 7298a Burns 1901 gives to the wife whose husband has

married her, under the circumstances mentioned therein, a remedy by way of penalty if the husband has, within the time fixed, abandoned her, or cruelly and inhumanly treated her, or failed and neglected to make reasonable provision for her support. *pp. 367, 368.*

HUSBAND AND WIFE. — *"Abandonment."* — *Words and Phrases.* — The word "abandon," as used in §7298a Burns 1901, means a physical abandonment, not a mere constructive abandonment. *pp. 367, 368.*

From Hancock Circuit Court; *E. W. Felt,* Judge.

Action by the State, on relation of Kate L. Milbourne, against Clarence R. Milbourne. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under clause 1, §1337j Burns 1901. *Affirmed.*

*Ephraim Marsh* and *W. W. Cook,* for appellant.
*J. F. Reed* and *J. E. McCullough,* for appellee.

GILLETT, J.—This is an action to recover a penalty under the act of March 8, 1895 (Acts 1895, p. 167, §7298a *et seq.* Burns 1901). The cause was put at issue by a general denial, and there was a verdict and judgment for appellee. Appellant filed a motion for a new trial, which was overruled, and he reserved an exception. It is assigned as error that the court erred in overruling appellant's said motion.

Appellant has not made any formal statement of his points, as required by rule twenty-two of this court, but we gather from his brief that he questions the propriety of the action of the court below in giving instructions six and seven.

It is contended that the first of said instructions is erroneous, under the case of *Stanbrough* v. *Stanbrough,* 60 Ind. 275, wherein the following language is used: "Abandonment, in the sense in which it is used in the statute under which this proceeding was commenced, may be defined to be the act of wilfully leaving the wife, with the intention of causing a palpable separation between the parties, and implies an actual desertion of the wife by the husband. To show, therefore, that a wife had to leave

her husband for cause, does not make out a case of abandonment by the husband, under this statute." The language above quoted was used in construing the act of March 7, 1857 (Acts 1857, p. 94, §6984 *et seq.* Burns 1901). The instruction in question informed the jury that certain acts on the part of the wife did not amount to an abandonment of her husband. There has been no attempt to bring the evidence into the record. We infer from the instruction that there was evidence tending to show that, prior to the abandonment charged by relatrix, she had done certain acts that it was claimed constituted an abandonment on her part. In instruction number five the court, in substance, gave to the jury as the law the statement which we have quoted from *Stanbrough* v. *Stanbrough, supra.* It is objected by counsel for appellant that the two instructions relative to abandonment are in conflict, but they relate to different matters, and we think that such objection is not well taken.

It is further suggested as to instruction six, that the trial court "sailed its judicial craft in dangerous shoals" when it informed the jury that if they found that certain facts existed, the relatrix was justified in remaining away from the home of appellant's mother, where he had taken up his residence. While it may be possible that said instruction was erroneous in the statement that if such facts existed the wife was justified in refusing to follow her husband to the domicile of his mother, where he had taken up his abode, yet we feel, in the absence of any statement of points, that the mild suggestion of error above mentioned does not require us to consider the sufficiency of said instruction. The presumption is that the judgment below was right, and the burden is upon appellant to show otherwise. A mild and general suggestion of error is insufficient to shift upon the court a burden of showing error that in the first instance rests upon the party assailing the judgment. Elliott, App. Proc., §445.

Instruction seven is as follows: "Evidence has been admitted tending to show the treatment of the defendant by the relatrix during his sickness while at the home of his mother, after their return from Kansas. This evidence may be considered by you, together with the other evidence in the case, in determining the conditions and relations existing at the time between the relatrix and defendant, and, if you find that the defendant abandoned the relatrix, then in determining whether he had any just and sufficient cause for so doing." It is contended, as appellant had a right to show, as a defense that the. relatrix had abandoned him, rather than that he had abandoned her, that the above instruction, in effect, informed the jury that they could consider such matters of evidence for one purpose only, namely, to determine whether he had any sufficient cause to abandon her. We have carefully considered said instruction with reference to the point mentioned, and we do not think counsel's criticism of it is just. The instruction did not limit the right of the jury to consider such evidence for all legitimate purposes. The instruction was not erroneous. If a more definite instruction was desired, it should have been tendered.

This case has been certified to us by the second division of the Appellate Court, with a recommendation that we overrule the case of *Stanbrough* v. *Stanbrough, supra,* in respect to the language therein that we have above set out. Section 1 of the act under which this proceeding was brought reads as follows: "That any male person who being at the time under or liable to a prosecution, either civil or criminal, for seduction or bastardy, fraudulently enters into a marriage with the female who has been seduced or who is the mother of the bastard child, with the intention thereby to escape or avoid such prosecution or the consequences thereof, and who within two years after such marriage, without just cause, shall abandon his wife, or who shall, within such time, cruelly or inhumanly mis-

treat such wife, or fail and neglect to make reasonable provision for her support, shall be liable to an action for the recovery of a penalty which shall in no case be less than $200." The above section gives to the wife whose husband has married her under the circumstances mentioned therein a remedy by way of penalty if the husband has within the time fixed abandoned her, or cruelly and inhumanly treated her, or failed and neglected to make reasonable provision for her support. If cruel and inhuman treatment of such a wife completes the right of action, there is no occasion for holding that such treatment amounts to abandonment, if such conduct compels the wife to abandon her husband's domicile, since, if the relatrix would recover on the ground of cruel and inhuman treatment, she may draw such matter in issue by appropriate averments. However wholesome the doctrine may be in the abstract that is announced by said division of the Appellate Court, yet we are not persuaded, for the reason stated, that the legislature used the word "abandon" in any other than its literal sense. In our judgment the subsequent words of the statute negative the idea that the framers of the statute intended to include within the term "abandon" a mere constructive abandonment. This is not a case where the court is called upon to construe a statute liberally in order to advance the remedy, for it would seem that the remedy, under the subsequent words of the statute, is quite as broad as it is contended that it ought to be under the earlier words. Having reached the conclusion that the word "abandon," in the act under consideration, was used in the sense of physical abandonment, it appears to us that any opinion we might express concerning the correctness of the Stanbrough case in the particular mentioned would be wholly gratuitous. For this reason we decline to pass upon such question.

The judgment of the trial court is affirmed.