## SUMMERS v. SUMMERS.

[No. 22,231.   Filed December 19, 1912.]

1. HUSBAND AND WIFE.—*Desertion.—Constructive Desertion.—Misconduct.*—In many jurisdictions recognizing the doctrine of constructive desertion by holding a spouse guilty of desertion, who, by misconduct or cruelty, drives the other away, the misconduct must be such as in itself will constitute a ground for divorce. p. 10.

2. HUSBAND AND WIFE.—*Desertion.—Separation by Mutual Consent.*—Desertion implies a want of consent, an unwillingness, on the part of the complaining spouse, and there can be no desertion where the separation is founded on the mutual consent of the parties.   p. 11.

3. COURTS.—*Transfer of Appeal to Supreme Court.—Questions Reviewed.—New Questions.—Constructive Desertion.*—The recom-

mendation of the Appellate Court, on the transfer of an appeal from that court to the Supreme Court, that the latter overrule one of its decisions in conflict with the doctrine of constructive desertion, will not be considered where the facts disclosed by the record do not constitute a desertion under that doctrine. p. 11.

4. HUSBAND AND WIFE.—*Desertion.—Evidence.—Sufficiency.*—In an action by a wife against her husband for support, under §7869 Burns 1908, §5132 R. S. 1881, providing that a married woman may obtain provision for her support, where the husband has deserted her without cause and without leaving her sufficient provision for her support, evidence showing that the wife left the husband, but which fails to show that she left him unwillingly for justifiable cause, and which is insufficient to sustain a finding in her favor for divorce, is insufficient to support a decision for plaintiff on the theory of a constructive desertion. p. 11.

5. DIVORCE.—*Necessity for Adequate Cause.*—Public policy requires that there be no severance of the marital relation without adequate cause. p. 13.

6. APPEAL.—*Review.—Complaint.—Sufficiency.*—Where a complaint is assailed for the first time on appeal, it will be deemed sufficient as against such attack if it will bar another action. p. 13.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Catherine Summers against Rollo H. Summers. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1908, Acts 1901 p. 565.) *Reversed.*

*Frank S. Roby, Ward H. Watson* and *J. K. Marsh,* for appellant.

*E. C. Hughes,* for appellee.

MORRIS, J.—Action by appellee against appellant, her husband, for support, by reason of alleged desertion, under the provisions of §7869 *et seq.* Burns 1908, §5132 R. S. 1881.

There was a judgment for appellee, from which appellant appealed to the Appellate Court, which has transferred the cause to this court under the provisions of §1394 Burns 1908, Acts 1901 p. 565, with the recommendation that the case of *Stanbrough* v. *Stanbrough* (1878), 60 Ind. 275, be overruled. From the opinion of the Appellate Court, in

transferring the cause, it appears that that court concluded that the judgment of the trial court should be affirmed, but that the opinion of this court in *Stanbrough* v. *Stanbrough, supra,* precluded such affirmance by it.

The record shows that appellee actually left appellant, but the Appellate Court is of the opinion that the husband's misconduct compelled appellee to leave him, and concludes that if the doctrine of constructive desertion be invoked appellant was guilty of deserting his wife, within the meaning of the statute.

The statute provides that "A married woman may obtain provision for the support of herself   *   *   *   :  Where the husband shall have deserted his wife,   *   *   *   without cause, not leaving her   *   *   *   sufficient provision for her   *   *   *   support." §7869 Burns 1908, §5132 R. S. 1881.

In *Stanbrough* v. *Stanbrough, supra,* this court construed the act of 1857 (Acts 1857 p. 94, §§7876-7878 Burns 1908, §§5139-5141 R. S. 1881), which, in so far as the question of desertion or abandonment is concerned, is similar to the statute under which this action is prosecuted. In its opinion in that case the court used the following language: "Abandonment, in the sense in which it is used in the statute under which this proceeding was commenced, may be defined to be the act of wilfully leaving the wife, with the intention of causing a palpable separation between the parties, and implies an actual desertion of the wife by the husband. To show, therefore, that a wife had to leave her husband for cause, does not make out a case of abandonment by the husband, under this statute."

The doctrine of constructive desertion is recognized in many jurisdictions, by holding that where either spouse, by misconduct or cruelty, drives the other away, the for-

1.    mer, not the latter, is guilty of desertion. *Jones* v. *Jones* (1891), 95 Ala. 443, 11 South. 11, 18 L. R. A. 95; *Hall* v. *Hall* (1903), 25 Ky. Law 1304, 77 S. W. 668;

*Harding* v. *Harding* (1864), 22 Md. 337; *McVickar* v. *Mc Vickar* (1890), 46 N. J. Eq. 490, 19 Atl. 249, 19 Am. St. 422; *Waltermire* v. *Waltermire* (1888), 110 N. Y. 183, 17 N. E. 739; *M'Dermott's Appeal* (1844), 8 Watts & S. (Pa.) 251; *Hudson* v. *Hudson* (1910), 59 Fla. 529, 51 South. 857, 138 Am. St. 141 and note, 29 L. R. A. (N. S.) 614 and note, 21 Ann. Cas. 278; *Johnson* v. *Johnson* (1888), 125 Ill. 510, 16 N. E. 891; *Setzer* v. *Setzer* (1901), 128 N. C. 170, 38 S. E. 731, 83 Am. St. 666; *Sizemore* v. *Sizemore* (1889), 17 Or. 542, 21 Pac. 820; 14 Cyc. 613.

It is held in many jurisdictions that such misconduct, however, must be such as, in itself, constitutes a ground for divorce. *Lynch* v. *Lynch* (1870), 33 Md. 328; *Weigand* v. *Weigand* (1887), 42 N. J. Eq. 699, 11 Atl. 113; *Sowers's Appeal* (1879), 89 Pa. St. 173; 14 Cyc. 614.

2. There can be no desertion, under any doctrine, where the separation is founded on the mutual consent of the parties. Desertion implies a want of consent, an unwillingness, on the part of the complaining spouse. *Barnett* v. *Barnett* (1901), 27 Ind. App. 466, 61 N. E. 737.

3. Whether this court should, with propriety, consider the recommendation of the Appellate Court with regard to the case of *Stanbrough* v. *Stanbrough, supra,* depends on the facts disclosed by the record here, for unless such facts disclose a desertion on the part of appellant, under the constructive doctrine, it is neither necessary nor proper that such recommendation be considered.

4. Appellant filed a motion for a new trial, which averred the insufficiency of the evidence to support the decision of the trial court, and the action of that court in overruling such motion is here assigned as error. The evidence is set out in the bill of exceptions, in narrative form, and the part of it in anyway relating to the question of desertion is as follows: Appellee testified as follows: She and defendant were married on January 28, 1908. "Maiden name Catherine Crider. We lived with his mother

in the town of Solon as one family. My husband was a
general merchant and postmaster there. I left him Sep-
tember 2, 1908, because of his advice. He told me he did
not want me and didn't intend to live with me. He told
me to go home that he did not want to live with me, that
he was going with other women. He told me often that he
was going with other women, and did not care for me. Told
me these things in the presence of his mother and sister.
He refused to go any place with me. Had been telling me
that before and didn't care for me. Father lived about two
and one half miles from Solon, and when I left him I went
to father. He [the defendant] has given me nothing since
separation. * * * I lived with my father ever since I
left. I left him. Couldn't stay any longer. When I left
I took a cow and three pigs, cow worth $32, hogs worth $12.
* * * After I left him he met me on the road and did
not speak to me. * * * My husband would go to parties
in the neighborhood, and when he returned would speak of
having a good time with the girls there.'' Mrs. Summers,
mother of appellant, gave the following evidence: ''I am
the mother of the defendant. When the plaintiff married,
they came to our home in the town of Solon, and we have
lived there as one family. She left and came back three
times and since she left she came back three times and stayed
awhile and then went away and remained away. I never
saw any trouble between them.'' Appellant's testimony was
in the following language: ''When my wife left I did not
know she was going. I did not mistreat her. She was of
a jealous nature and when I talked with lady customers in
the store she would take offense and imagine something was
wrong. We lived with mother and sister as one family up
to the time she left. * * * After she left I sent her the
cow and hogs. But I did not ask where she had gone. Asked
no questions and did not ask her to come back.'' This was
all the evidence.

We are of the opinion that, under the constructive doctrine

of abandonment, the evidence does not warrant the conclusion that appellee was deserted by appellant. It would not sustain a finding in her favor for divorce. It fails to show that she left him unwillingly for justifiable cause, and we are of the opinion that the decision of the trial court is not supported by sufficient evidence, and that the judgment should be reversed. Public policy requires that there

5. be no severance of the marital relations without adequate cause. *Barnett* v. *Barnett, supra; Stewart* v. *Stewart* (1911), 175 Ind. 412, 94 N. E. 564. In view of the conclusion reached, it is unnecessary for us to consider the request of the Appellate Court with reference to the case of *Stanbrough* v. *Stanbrough, supra.*

Appellant also claims that the complaint is insuffi-

6. cient. It is assailed, for the first time, in the Appellate Court. Against such attack, it is sufficient if it will bar another action. It meets this requirement.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 100 N. E. 71. See, also, under (1) 21 Cyc., 1599; (2) 14 Cyc. 616; (6) 2 Cyc. 691. As to desertion as ground for a divorce, see 119 Am. St. 617. As to desertion by forcing spouse to leave marital home, see note in 29 L. R. A. (N. S.) 614. Upon the question of effect by one spouse to induce the other to return home as a condition of desertion by the latter, see note in 39 L. R. A. (N. S.) 1118. For a discussion of driving an innocent spouse from home as desertion warranting a divorce, see note in 21 Ann. Cas. 280.