## Young v. Young.

*Divorce — Libel by husband — Constructive desertion—Cruelty and indignities.*

Where a wife has by cruel and barbarous treatment of her husband, or indignities to his person, rendered his condition intolerable or life burdensome, he may file a libel on the ground of desertion and su'stain the action by proof that he left the home of the respondent by reason of her ill-treatment of him.

Motions for judgment *non obstante veredicto* and for new trial. C. P. No. 5, Phila. Co., Sept. T., 1920, No. 245, in Divorce *a. v. m.*

*H. J. Scott,* for libellant; *J. R. K. Scott,* for respondent.

HENRY, P. J., 52nd judicial district, specially presiding, Feb. 8, 1923.—This was an action of divorce, and the jury found in favor of the libellant upon the questions submitted. The respondent has moved for judgment *non obstante veredicto* and for a new trial.

The ground for the divorce, as alleged in the libel, was wilful and malicious desertion. The proofs were that the libellant had left the home of the respondent owing to her treatment, which. it might be concluded was cruel and barbarous and such as to render his condition intolerable and life burdensome.

The position of the respondent in support of these motions is that cruel and barbarous treatment having been made a separate ground of divorce under the act of assembly, there can be no such thing as a constructive desertion in which a husband is compelled to leave his wife by reason of her treatment, in support of a charge of wilful and malicious desertion as a ground for divorce. It is argued that the effect of granting a divorce for desertion when the evidence shows a leaving of the domicile by the libellant owing to the treatment of the respondent is to bar the respondent from her alimony, to which she is entitled under the Act of May 8, 1854, P. L. 644, and its amendment of June 25, 1895, P. L. 308. This act and the amendment, however, provide for the granting of a divorce where the wife shall have, by cruel and barbarous treatment or indignities to his person, rendered the condition of her husband intolerable or life burdensome. It contains no reference to the enforced withdrawal of the husband by reason of such conduct. The Acts of April 13, 1911, P. L. 60, April 28, 1903, P. L. 326, and prior acts, give the wife a ground for divorce when the husband shall have, by cruel and barbarous treatment, endangered her life or offered such indignities to her person as to render her condition intolerable and life burdensome, and thereby forced her to withdraw from his house and family. This, in effect, gives a right of divorce to the wife in the case of a constructive desertion, where she is compelled to leave him owing to his conduct, but we have found no act of assembly in which the husband is given the right to ask for a divorce, as a distinct ground therefor, where he is compelled to leave his wife owing to her conduct, and, consequently, while there may be a distinct ground of divorce available to the wife where she is compelled to withdraw from the family relationship by reason of the conduct of the husband, there is no such ground available to a husband, and it follows that a constructive desertion under such state of facts is not otherwise provided for by the act of assembly as a ground for divorce, and we see no reason why it should not be available to the husband.

Constructive desertion as a ground for divorce seems to have been recognized in other jurisdictions as well as our own. In 14 Cyc., 613, the rule is stated to be that: "The spouse who by his or her act intentionally brings the cohabitation to an end is guilty of desertion. If a spouse, by misconduct, ren-

ders the continuance of the marital relation unbearable, so that the other leaves the family home, and this result was intended by the guilty party, the other, upon the lapse of the statutory period, is entitled to a divorce as for desertion." To the same effect is Bishop on Marriage and Divorce, 597.

In Waltermire v. Waltermire, 110 N. Y. 183; McVickar v. McVickar, 46 N. J. Eq. 490, and Lister v. Lister, 65 N. J. Eq. 109, constructive desertion by the husband was recognized as a ground for divorce. In Albee v. Albee, 141 Ill. 550; Setzer v. Setzer, 128 N. C. 170, and Hudson v. Hudson, 29 L. R. A. (N. S.) 614 (Fla.), constructive desertion by the wife was recognized as a ground for divorce.

In our own State, in Howe v. Howe, 16 Pa. Superior Ct. 193, constructive desertion by the husband was sustained as a ground for divorce.

We see no reason why constructive desertion should not be as available to the husband as it is to the wife, and this position is strengthened when we consider that there is no express ground for divorce given by the act of assembly where her conduct forces him to withdraw from the home and family, and the provision with respect to alimony in the Act of 1854 and its amendment of 1895 is not given under the circumstances of the compelling of a withdrawal from the family relation by reason of the conduct of the wife, and should not bar a husband's right for divorce upon the ground of desertion where he is compelled to withdraw by reason of his wife's wrongful conduct.

The motions of the respondent cannot prevail.

And now, to wit, Feb. 8, 1923, the motion of the respondent for judgment non obstante veredicto is overruled. An exception to this action of the court is hereby noted for the respondent. The motion of the respondent for a new trial is overruled, a new trial is refused, with leave to the libellant to present his decree under the findings of the jury upon payment of the jury fee.