Albert W. Godfrey, Appellee, v. Lazetta Godfrey, Appellant.

Opinion filed March 6, 1936.

E. W. EGGMANN, of East St. Louis, and WILLIAM T. KEIL, of St. Louis, for appellant.

MARTHA L. CONNOLE, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellee filed his complaint for divorce against appellant in the city court of East St. Louis. The com-

plaint was thereafter amended to charge that the parties were married on June 21, 1906; that four children were born of the marriage, and that he had conducted himself toward his wife as a kind and affectionate husband, while she on the contrary, some years prior to the institution of the suit, commenced a course of inhuman treatment toward him consisting of criticism, fault finding, nagging and verbally abusing him; that when he came in late at night she scolded and upbraided him so loudly that it prevented the children from sleeping; that on June 10, 1920, she struck him in the presence of one of their children; that her conduct made his condition intolerable, and that as a consequence, on January 15, 1934, he was obliged to cease sleeping with her. That on April 20, 1935, upon the advice of counsel, he left the home and thereafter lived with his daughter, and that because of such conditions she forced him to leave her for a space of time upwards of one year; wherefore she was guilty of desertion.

Appellant filed her answer thereto, denying all of the misconduct charged in the amended complaint; averred that she had in all respects fully discharged her wifely duties, and that appellee left her against her urgent solicitation to live together and maintain the family relations for the benefit of themselves and their children.

. Appellee also filed her cross complaint for separate maintenance, which the chancellor, upon hearing, dismissed for want of equity. A decree of divorce was entered finding appellant guilty of desertion as charged in the complaint as amended, from which this appeal has been perfected.

There was a considerable volume of testimony taken, which, while in some particulars is conflicting, taken as an entirety establishes the truth of appellee's charges.

The contention is that the amended complaint did not charge desertion within the meaning of the Illi-

nois Divorce Act, Ill. State Bar Stats. 1935, ch. 40, and that the court could not properly decree appellant guilty thereof, even though all its allegations were proven.

A spouse who by misconduct brings the cohabitation to an end is guilty of a constructive desertion, even though the parties continue to reside in the same domicile. *Albee v. Albee,* 141 Ill. 550; *Johnson v. Johnson,* 125 Ill. 510; 19 Corpus Juris, p. 61, secs. 116, 117.

In order to charge such offending party with desertion, after the lapse of the statutory period of time, it is requisite that his or her misconduct be such as would, in itself, constitute a ground for divorce in favor of the innocent spouse. *Carter v. Carter,* 62 Ill. 439; *Fritz v. Fritz,* 138 Ill. 436, 442; *Frank v. Frank,* 178 Ill. App. 557; *Van Dyke v. Van Dyke,* 135 Pa. St. 459, 19 Atl. 1061; *Calichio v. Calichio,* 85 N. J. Eq. 213, 96 Atl. 658; *Summers v. Summers,* 179 Ind. 8, 100 N. E. 71; *Lynch v. Lynch,* 33 Md. 328.

It remains to be determined whether the conduct of appellant was such that it, of itself, would have warranted a divorce in favor of appellee, to justify his separation from his wife, and place her in default as guilty of a constructive desertion.

In *Abbott v. Abbott,* 192 Ill. 439, the rule is declared to be that the duty of parents to their children and to society demands that they shall only be divorced for statutory reasons.

The court held, in *Johnson v. Johnson, supra,* at page 519: "The husband and wife must mutually bear with each other's tempers and dispositions. Mere ebullitions of temper, trivial delinquencies of conduct, and the like, cannot be made ground for disrupting the family, nor a pretext for a course of conduct which necessarily produces that result."

But one act of physical cruelty was charged and proven. This could not, under our statute, give rise

to a ground for divorce for extreme and repeated cruelty. *Fritz v. Fritz, supra; Fizette v. Fizette,* 146 Ill. 328. Appellant's conduct, which is complained of, consisted in arguing, harsh criticism, nagging and angry talk when appellee would return home at 3 o'clock or later in the morning, as he himself testified he frequently did, and when asked by appellant where he had been, would answer "just jollification around," or perhaps reply evasively or not at all.

Appellee argues that his wife's conduct was a mental cruelty which rendered his life unhappy and unbearable. *Henderson v. Henderson,* 88 Ill. 248, held that cruelty, to warrant a divorce under our statute, "must be bodily harm in contradistinction to mere harsh or even opprobrious language or mere mental suffering." And to the same effect are *Fizette v. Fizette, supra; Embree v. Embree,* 53 Ill. 394; *Shorediche v. Shorediche,* 115 Ill. 102; *Trenchard v. Trenchard,* 245 Ill. 313.

In *Coursey v. Coursey,* 60 Ill. 186, it is stated: "Courts will never interfere and dissolve the marriage relation merely for indulgence in passion, for abusive language and threats of violence, where the safety of the person is not in peril, or the words are not likely to result in acts of serious injury."

It is thus seen that appellee, to justify his separation from appellant, and give rise to a ground of divorce against her for desertion on her part, must have been subjected to conduct by her which, in and of itself, would have been a cause for divorce. All that is charged and proven against her is one act of physical violence; and demeanor of manner, accompanied by language, criticism and harangues which, while not to be commended, do not amount to extreme and repeated cruelty within the statute, even though causing mental anguish and suffering. No other reason for his separation is claimed nor perceived, and this, as we have

seen, was not sufficient to constitute that ground for divorce which he was required to aver and prove in order to make her guilty of desertion, in forcing him to live apart from her.

For which reasons we are of opinion that the decree was not warranted, and it will accordingly be reversed.

*Decree reversed.*