JACOB BELLER v. MAGDALENA BELLER.

*Divorce—Desertion.*

A husband who has permitted his wife to engage in business in another locality without making any effort to have her remain with him or to induce her to return to him, but on the other hand has shown himself to be rather glad she has gone, is not entitled to a divorce as for desertion.

Mutual wrangling over money matters does not make out a case of extreme cruelty between husband and wife.

Appeal from Wayne. (Speed, J.) Jan. 9.—Jan. 18.

DIVORCE. (Bill and Cross-Bill.) The wife appeals. Decree granting the husband a divorce reversed, and both bills dismissed.

*Levi T. Griffin* (*Griffin, Dickinson, Thurber & Hosmer*) for appellant. To abandon matrimonial intercourse and companionship with a wife and deny her the protection of home, will sustain her bill for divorce on the ground of desertion, though the husband contributes to her support: *Magrath v. Magrath* 103 Mass. 577; *Porritt v. Porritt* 18 Mich. 420; she has a right to support, even though the separation was by mutual consent, in which event divorce

could not be granted as for desertion : *Cooper v. Cooper* 17 Mich. 205 ; as to her right to be supported after leaving him, see *Courtright v. Courtright* 40 Mich. 633 ; *Crittenden v. Schermerhorn* 39 Mich. 661 ; contra, *Randall v. Randall* 37 Mich 563.

*George Gartner* for appellee.     A *prima facie* case for divorce for desertion is made out by cessation of cohabitation during the statutory period ; an intent to desert (Bishop Mar. & Div. § 777 ; *Porritt v. Porritt* 18 Mich. 424 ; *Bennett v. Bennett* 43 Conn. 318 ; *Bailey v. Bailey* 21 Grat. 47 ; *Morrison v. Morrison* 20 Cal. 431 ; *Benkert v. Benkert* 32 Cal. 468) ; and separation against the will of the party deserted : *Cooper v. Cooper* 17 Mich. 210 ; the intent to desert is the criterion : *Leavitt v. Leavitt* Wright (O.) 719 ; 2 Bishop M. & D. § 676 ; *Guembell v. Guembell* Wright 226 ; 2 Bishop M. &. D § 783 ; *Ahrenfeldt v. Ahrenfeldt* Hoff. Ch. 47 ; *Gregory v. Pierce* 4 Met. 478 ; *Lawrence v. Lawrence* 2 Swab. & T. 583.

MARSTON, J.   The defendant Magdalena Beller in February, 1879, while her husband, the complainant, was residing in Detroit, rented a part of Uhlich block, in the city of Chicago, for a term of five years from March 1st, 1879.   On the 22d of February, 1879, she left the residence of complainant in Detroit, taking her goods and household furniture, and shortly after went to Chicago, there to carry on business in her own name and for her own use and benefit, in the premises she had rented.   She continued to remain in Chicago, and in August, 1881, complainant filed his bill for divorce.   An amended bill was afterwards filed charging desertion and extreme cruelty.   Defendant answered, and in August of the same year filed a cross-bill charging desertion and extreme cruelty, and praying for a divorce. Answer was filed by her husband, and proofs taken.

The fact that defendant Magdalena leased the premises in Chicago and moved there and engaged in business is not disputed.   Ordinarily this would be considered sufficient to establish the charge of desertion, as the fact of engaging in

business for so long a period at a place distant from the residence of her husband would be wholly inconsistent with the marriage relation.

The defendant had, however, with her husband's consent, carried on business at the same place in 1864, and subsequently thereto, while her husband was living in Rochester, New York, and in Detroit. The complainant, Jacob Beller, well knew that his wife was going to leave Detroit in 1879 and engage in business in Chicago, yet he made no effort whatever to have her remain with him, and offered or held out no inducements for her to return, but on the contrary appeared to be rejoiced that she had gone away, if indeed he did not hasten her departure.

Clearly therefore the desertion, if any, was not against the will of the complainant, and he is not entitled to the relief prayed for on this ground. *Cooper v. Cooper* 17 Mich. 210.

When we examine the evidence tending to prove extreme cruelty, we are of opinion that it falls far short of establishing a case in favor of either party. It is undoubtedly true that there was more or less wrangling between these parties growing out of money matters, and that because thereof they did not live as happily together as they should have done, yet still no case of extreme cruelty is made out.

The decree in the original cause must be reversed, and the bill dismissed. The cross-bill will also be dismissed, and the complainant Jacob will pay the defendant the sum of $500 in lieu of all costs, counsel fees and alimony.

The other Justices concurred.