DAVID G. ROSE v. CORDELIA M. ROSE.

*Divorce—Desertion.*

Divorce cannot be granted for desertion except on satisfactory proof (1) that cohabitation has ceased; (2) that defendant intends desertion; and (3) that the separation is against the will of complainant.

Family quarrels are not ground for divorce.

Appeal from Washtenaw. (Joslin, J.) Jan. 12.—Jan. 18.

DIVORCE bill. Defendant appeals. Reversed; bill dismissed.

*Sawyer & Knowlton* for complainant.

*A. & C. A. Blair* for defendant.

GRAVES, C. J. The bill in this cause was filed for a severance of the bonds of marriage on a charge of desertion for the period of two years, and the court granted a decree. To make out a case for the dissolution of marriage on this ground there must be satisfactory proof of three things: *First,* cessation of cohabitation; *second,* an intent in the mind of the defendant to desert; and *third,* that the separation was against the will of complainant. *Cooper v. Cooper* 17 Mich. 205; *Porritt v. Porritt* 18 Mich. 420; *Rudd v. Rudd* 33 Mich. 101; *Cox v. Cox* 35 Mich. 461; *Sergent v. Sergent* 33 N. J. Eq. 204.

Assuming the first and second points to be fully proved, still they avail nothing for the purpose of a divorce unless the third is also made out, and it is here that the weakness of the case is conspicuous. A discussion of the testimony would not be profitable. We find evidence that the parties were not so trustful, patient and forbearing as they should be to secure domestic unity and harmony, and that they sometimes permitted themselves to indulge in unseemly sallies of resentment. But as observed in *Cooper v. Cooper*

supra, "the law does not permit courts to sever the marriage bond and to break up households merely because parties, from unruly tempers or mutual wranglings, live unhappily together."

The impression made by the record is not only that there is a deficiency of proof that complainant has been opposed to the separation, but also that the bias of the evidence is affirmatively to the effect that he has been all along quite satisfied with it and virtually assenting.

The result is that the decree should be reversed and the bill dismissed with costs.

The other Justices concurred.