## MATILDA RUNKLE v. COOL RUNKLE.

*Divorce—Non-support—Cruelty—Condonation.*

1. The Court cannot declare the failure to change habits of frugality to habits of liberality, gross, wanton, or cruel.
2. The act of a husband in striking his wife with his open hand upon her cheek is condoned by the wife's seeking a reconciliation, and apparently living happily with her husband thereafter.

Appeal from Cass. (O'Hara, J.) Submitted on briefs June 30, 1893. Decided July 25, 1893.

Bill for divorce. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Harsen D. Smith,* for complainant.

*Howell & Carr,* for defendant.

MONTGOMERY, J. This is a bill for divorce, and charges cruelty, and failure to furnish adequate support.

It is sufficient to say of the latter charge that we are not satisfied that the failure to support was shown to have been gross, wanton, or cruel, within the meaning of the statute. How. Stat. § 6229. It is undoubtedly true that the defendant is possessed of sufficient means to have

justified larger expenditures for living than he appears to have been willing to make, but the Court cannot declare the failure to change habits of frugality to habits of liberality gross, wanton, or cruel. It is evident that the defendant has accumulated his property by a life-time of frugality, and complainant must have known this before her marriage, and should have understood that that habit would continue after marriage, as before.

The cruelty is alleged to have consisted in striking complainant on two occasions, and of charging her with appropriating money belonging to defendant. It does appear that the defendant at one time struck complainant with the open hand on the cheek. This, however, was fully condoned, complainant herself seeking reconciliation, and the parties have apparently lived happily since. The other charge of personal violence, we think, is not sustained by a preponderance of the evidence.

The most serious ground for complaint is the charge which defendant made against complainant of appropriating his money. It is not likely that either party understood this to be a charge of technical larceny, and, while we are not prepared to hold that defendant was justified in making the charge as he did, the evidence shows that there were in the conduct of complainant some circumstances tending to excuse the defendant for entertaining the suspicion.

On the whole, we do not think the marriage ties between these parties should be severed. The circuit judge heard the testimony in open court, and was of this opinion.

The decree will be affirmed.

The other Justices concurred.