DOWNEY *v.* DOWNEY.

DIVORCE—CRUELTY—NONSUPPORT.

A bill by a wife for a divorce, alleging cruel treatment by her husband, consisting of a cold and sullen manner, pouting and refusing to speak, insisting that she transfer her property to him, constantly repeating that she has abused him, becoming angry over very small things, threatening divorce proceedings, and threatening to remove their household goods, and further alleging that, though worth $7,000 or $8,000, he has wholly neglected to provide her with clothing or spending money, is insufficient to justify a divorce, either on the ground of extreme cruelty or nonsupport.

Appeal from Shiawassee; Smith, J. Submitted November 5, 1903. (Docket No. 98.) Decided December 22, 1903.

Bill by Eusebia A. Downey against William Downey for a divorce. From an order overruling a demurrer to the bill, defendant appeals. Reversed.

*Watson & Chapman,* for complainant.

*John T. McCurdy,* for defendant.

MOORE, J. The bill in this case was filed to obtain a divorce. A demurrer was interposed by defendant. The circuit judge overruled the demurrer. The defendant brings the case here by appeal.

The stating part of the bill reads as follows:

"That the said defendant, disregarding the solemnity of his marriage vow, soon after their said marriage, and in the month of April, A. D. 1902, began a course of cruel treatment towards your oratrix, consisting of a cold and sullen manner, pouting and refusing to speak to your oratrix, which continued for about a week, and your oratrix was unable to find out what was the matter with him, until, about the last of April, 1902, defendant insisted that

complainant transfer her property, consisting of two houses and three lots, to him, either by deed or life lease, and, when your oratrix refused to do this, he told her he would do no more, or in any way improve the property, or pay the taxes thereon of your oratrix, notwithstanding he was living on said property, and using the same as though it was his own, which property rented for one hundred dollars per year before the defendant came to live with complainant.

"Your oratrix further shows that in the month of May, 1902, your oratrix was invited to a supper given by the Oddfellows' Lodge of the city of Corunna, and defendant said to your oratrix that he would not go out with your oratrix, because she had abused him, and, when she asked him how, he refused to make any explanation whatever; and he has kept repeating this statement every few days to your oratrix, and refusing to give any explanation as to how and in what manner she has abused defendant. And your oratrix alleges that such treatment caused her great grief, which defendant well knew, and kept repeating it, to injure your oratrix's feelings; that he kept this conduct up continually through the summer of 1902, and importuning your oratrix for her property. Your oratrix alleges that defendant is greatly worried because, if he should die before your oratrix, she would have the widow's right in his property, and it keeps him worried and vexed on account thereof, and he becomes violently angry with your oratrix, without cause, over very small things. To illustrate: Defendant was assisting your oratrix to wash some clothes in the fore part of May, 1902, when your oratrix discovered that he did not understand running the wash machine, and your oratrix said to him, 'Let me show you how to run it,' whereupon he became very angry, and banged the machine around in a violent manner, and with great display of temper. Your oratrix said, 'Why, you act foolish,' and went into the house, and defendant followed her in, and raised his fist over her, and said, 'Don't you dare to call me a fool!' That he has kept up such conduct continually, greatly annoying your oratrix, and generally at such times demanding that your oratrix give him her property, or release her interest in his property; and on the 25th of April, 1903, he got John T. McCurdy to come with him to your oratrix and threaten her with divorce proceedings, threaten to move away their household goods; and your oratrix believes he will remove said household

goods, unless restrained by an order of this honorable court. Your oratrix believes he will do personal violence to her, and annoy her, unless he is restrained by like order. That defendant is worth $7,000 or $8,000, and since their said marriage he has wholly refused and neglected to clothe your oratrix, or to furnish her any spending money."

The sole question involved is whether the bill stated a cause for which divorce should be granted. The causes for which divorce may be granted are found in sections 8621, 8622, and 8623, 3 Comp. Laws. It is clear the case does not come within the provisions of section 8621, and we think it equally clear that the averments of the bill do not state a case of extreme cruelty, or one where "the husband, being of sufficient ability to provide a suitable maintenance for her [the wife], shall grossly or wantonly and cruelly refuse or neglect so to do."

The decree is reversed, and complainant is given 20 days to amend her bill of complaint.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.