T. S. McElhaney, Appellant, v. Minerva E. McElhaney, Appellee.

**Divorce:** CONSENT TO SEPARATION. Although a wife may originally be at fault in leaving the home of her husband, if he afterwards makes no effort to induce her to return, and rejects her overtures

of reconciliation, he will be held to have consented to the separation.

*Appeal from Plymouth District Court.*— Hon. G. W. Wakefield, Judge.

Monday, October 24, 1904.

Action in equity for divorce. The trial court dismissed the bill, and plaintiff appeals.— *Affirmed.*

*Martin & Martin,* for appellant.

*Struble & Struble,* for appellee.

Per Curiam.— Divorce is asked on the ground of desertion. It seems to be true that the defendant left her husband's home, and they had not lived together for a period of more than two years when this suit was begun. The testimony as to the cause of their disagreement and their conduct toward each other is, as is usual in this class of cases, quite conflicting, and the truth of the controversy is not easily determined. It seems very plain, however, that the blame of their marital unhappiness and separation is not to be all found on one side. Whether plaintiff's treatment of his wife was such as to justify her in leaving the home we need not decide. It is enough to say the evidence is sufficient to support the conclusion that plaintiff is a person of somewhat obstinate and despotic disposition, and that, his wife having left him, although she continued to live in the same neighborhood with a son of their marriage, he not only studiously refrained from any sincere attempt at reconciliation, but met her approaches with a rebuff. A husband cannot accept the departure of his wife from the home as a desertion and demand a divorce when he refuses to invite her return, makes no effort to induce her to resume her place in his household, and rejects her overtures for reconciliation.

Even though she be originally in fault in leaving him, he cannot shut the door against her return, and then make her continued absence the ground of a charge of desertion as reason for dissolving the marriage tie. Under such circumstances, he is held to have consented to the separation. *Broom v. Broom* (N. J.) (20 Atl. Rep. 377); *Rose v. Rose*, 50 Mich. 92 (14 N. W. Rep. 711); *Cox v. Cox*, 35 Mich. 461; *Lynch v. Lynch*, 33 Md. 328. The parties were before the trial court, where their appearance and demeanor toward each other could be observed, and, in view of the record as it comes to this court, we are satisfied that the decree appealed from is right.— *Affirmed.*