JENNIE G. PROVOST

*v.*

WINFIELD PROVOST.

[Decided May 5th, 1906.]

1. Where the original separation between husband and wife was not a desertion on the husband's part, it could only be turned into desertion by the wife in good faith demanding of the husband a resumption of the marital relationship and the refusal of the husband to accede thereto.

2. A wife cannot establish desertion on the husband's part by proof that he refuses to comply with her demands relative to his habits and manner of supporting her, her duty being to accept the situation that her husband is able to maintain.

On petition for divorce. Heard upon petition, answer and proofs in open court.

*Messrs. Mackay & Mackay,* for the petitioner.

*Mr. George T. Vickers* (with whom was *Mr. Kellogg,* of the New York bar), for the defendant.

GARRISON, V. C.

This is a petition by Jennie G. Provost against her husband for divorce upon the ground of desertion.

The parties were married October 14th, 1897. This petition was filed June 21st, 1905. The allegation is that the desertion took place on the 7th day of March, 1903. The parties were at that time living at Hackensack, N. J., and upon that day the defendant left Hackensack to go to Darlington, S. C.

The defendant was engaged in the life insurance business and had fallen into dissipated habits, and undoubtedly had frequently been a source of humiliation to his wife. Just before the 7th of March, 1903, his habits led to his discharge from the

position which he theretofore had held in the Mutual Life Insurance Company, and the money then due him from that company was paid him. This money, amounting to $400, he divided, giving $200 to his wife and retaining $200.

There is not the slightest evidence that when he left for the south, on this occasion, he intended to desert his wife. The letters which passed between the parties at this time entirely disprove any such contention. They show that the parties were on the most intimate terms; that the wife was sincerely desirous that he should cease his bad habits and resume life with her again, and his communications to her were all along the same line.

I do not think that there was in either of their minds at that time any thought that a desertion or a permanent separation had taken place.

He returned to Hackensack in about a month and constantly saw his wife thereafter for a long period, and undoubtedly endeavored to renew his married life with her. She is a very self-respecting woman, who had always been accustomed to nice surroundings—although not accustomed to luxuries—and she undoubtedly did not wish to take up life with him again until he should have paid all his debts and secured another home as good as the one they had left, and therefore refused to come and live with him under any other conditions.

I do not think it helpful to review the testimony at length or to cite either from it or from the letters. I fail to find anywhere in the case any evidence of any desertion within two years before the filing of the petition in this suit.

If the petitioner, abandoning her original contention of a desertion on the 7th of March, 1903, now contends that the failure of the husband to support her and the children since his return to Hackensack, in April, 1903, constitutes desertion, she cannot succeed in this latter contention. The original separation not being a desertion, it can only be turned into desertion by one party, in good faith, demanding of the other a resumption of the marital relationship and the refusal of the latter to accede thereto. *McAllister* v. *McAllister, 62 Atl. Rep. 1131 (Chancellor Magie, 1906).*

So far from the petitioner showing a demand upon her part for a resumption of the marital relationship and a willingness upon her part to return thereto, all of the evidence shows that she refused to go back to her husband excepting upon the terms formulated by her. No citations are necessary to establish the doctrine that a wife must accept the situation that her husband is able to maintain, and cannot refuse to live with him because of his inability to support her in the way she demands—that is to say, she cannot so do and then claim that he has deserted her because of his non-fulfillment of her demands.

The petition must therefore be dismissed.