## WILSON *v.* WILSON.

DIVORCE—EVIDENCE—EXTREME CRUELTY—MARRIAGE—SUPPORT.

> Evidence that defendant husband owned between $2,500 and $4,000 in property and that before marriage he had been thrifty, that the complainant wife was receiving a widow's pension of $12 a month, and that the husband insisted upon using her money instead of supplying her with what she wanted after they were married, that complainant knew before she married defendant that he was frugal and knew his habits of living; *held,* to be insufficient to make out a case of extreme cruelty or such gross, wanton or cruel neglect to support as to justify a decree of divorce.

Appeal from Oakland; Smith, J. Submitted January 11, 1915. (Docket No. 57.) Decided April 6, 1915.

Bill by Flavia A. Wilson against George W. Wilson for divorce. From a decree for complainant, defendant appeals. Reversed.

*Andrew L. Moore,* for complainant.

*Pelton & McGee (James P. Devereaux* and *Bird J. Vincent,* of counsel), for defendant.

KUHN, J. The bill of complaint in this case is filed by the complainant to obtain a divorce on two grounds, nonsupport and extreme cruelty. It appears that a previous bill, containing similar allegations, had been presented to the same court, but after a hearing thereon had been dismissed without prejudice. Upon a hearing in the instant case a decree was granted to. complainant, and defendant has appealed.

The complainant, who is 56 years of age, had been married twice before, her first and second husbands

having died previous to her third marriage. At the time of her third marriage she was drawing a soldier's widow's pension of $12 a month, and was living upon a parcel of land containing about 27 acres, in which she had a life estate. The defendant is a man of 66 years of age, and was possessed of certain property which amounted to between $3,500 and $4,000. The complainant and defendant had known each other about 25 years previous to their marriage. It is the claim of the complainant that when the defendant broached the subject of marriage to her she called his attention to the fact that her marriage would cancel her widow's pension; that thereupon the defendant told her she need not bother about that, as he was amply able to support her, and that he represented that he had a large amount of property and was well-to-do. The claims upon which she relies to obtain this divorce are, in substance, that his statements as to the extent of his property were not true, and that he has refused to provide for her; that notwithstanding the fact that she has suffered from rheumatism and some of the time from ill health, the defendant insisted upon her taking care of the stock and feeding them, and doing other chores about the farm, while he sat beside the fire and read; that he has refused to give her money to spend, and told her that she could spend her own money, and that if he wanted his money spent he could spend it himself; that during the time she lived with him he never gave her any money to spend for herself or her home, or for any other purpose. It is also insisted that he is guilty of extreme cruelty, in that he proposed to the complainant to clothe her with some of the clothing of his deceased first wife. It is not necessary, nor would it profit any one, to attempt to review the testimony with reference to the differences between the parties.

It is true that our statutes do not confine the cruelty which would justify a decree of divorce to mere physical violence. But, as was said in *Cooper* v. *Cooper,* 17 Mich. 205 (97 Am. Dec. 182), "a grievance of whatever kind must be of the most aggravated nature to justify a divorce."

After a careful examination of the testimony in this record, we are of the opinion that matters had not proceeded to the extremity that would justify a decree. It is true that there was considerable wrangling between these parties, which seems to have arisen largely out of their money matters, but there is no escape from the conclusion that the complainant, at no time during the period of their cohabitation, was not being supported, although without question the support that she received was largely from the income derived from the sale of the proceeds of her own farm, upon which they were living, and to the income from which the defendant's work contributed, at least in part. It can. be claimed that the record discloses that the defendant was frugal, and perhaps penurious, but this the complainant knew before her marriage to him, as she knew his habits and manner of living. And, as was said in *Runkle* v. *Runkle,* 96 Mich. 493 (56 N. W. 2):

"The court cannot declare the failure to change habits of frugality to habits of liberality gross, wanton, or cruel."

The defendant's disinclination to do the chores and his preferring to read newspapers might subject him to some criticism, still we are not prepared to say that such conduct makes out a case of extreme cruelty. The proofs are satisfying that the complainant was well and comfortably dressed; that she had money in the bank; and, on the whole, we do not think the record makes out a case of extreme cruelty, or such gross, wanton, or cruel failure to support as

to justify a decree of divorce. We therefore conclude that the marriage tie between these parties should not be severed. *Cooper* v. *Cooper, supra; Beller* v. *Beller,* 50 Mich. 49 (14 N. W. 696) ; *Rose* v. *Rose,* 50 Mich. 92 (14 N. W. 711) ; *Morrison* v. *Morrison,* 64 Mich. 53 (30 N. W. 903) ; *Downey* v. *Downey,* 135 Mich. 265 (97 N. W. 699) ; *Root* v. *Root,* 164 Mich. 638 (130 N. W. 194, 32 L. R. A. [N. S.] 837; Am. & Eng. Ann. Cas. 1912B, 740).

The decree of the court below is reversed, and a decree will be entered in this court dismissing the complainant's bill without costs to either party.

BROOKE, C. J., and MCALVAY, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred. BIRD, J., did not sit.