## HILL *v.* TAYLOR ET AL.

[No. 23,296.   Filed December 13, 1917.]

1. APPEAL.—*Briefs.—Sufficiency.—Statement of Evidence.*—The presentation of the entire record in appellant's brief shows at least a good-faith effort to comply with Rule 22 of the Supreme Court, requiring appellant to set out in his brief a complete narrative statement of all the evidence given at the trial, and such brief is sufficient.   p. 682.

2. APPEAL.—*Review.—Consideration of Record.*—The court on appeal is warranted in looking to the record to determine whether the judgment of a trial court should be affirmed. p. 682.

3. NEW TRIAL.—*Joint Motion.*—In an action by a surviving husband for the partition of land belonging to his wife and claimed to have descended on her death to him and a son by a former marriage, a ruling denying a motion for a new trial cannot be sustained on the ground that the motion is joint and several as to all the defendants and is not well taken as to the son's wife, whose only interest in the real estate in controversy was inchoate and dependent wholly on the interest of her husband, in the absence of any evidence in the record to sustain a verdict against her, since a verdict for or against either of such defendants would rest on the same evidence and the ruling on the motion for a new trial would affect each in the same manner.   p. 682.

4. DESCENT AND DISTRIBUTION.—*Rights of Surviving Husband. —Forfeiture by Abandonment.—Statute.*—Under §3036 Burns 1914, §2498 R. S. 1881, providing that if a husband shall abandon his wife without just cause, failing to make suitable provision for her, or for his children, if any by her, he shall take no part in her estate, abandonment is the act of leaving the wife wilfully, without justification in her consent or wrongful conduct, and with an intention of causing a perpetual separation of the parties, and it is not necessary that the abandonment continue over a fixed period of time.   p. 683.

5. DESCENT AND DISTRIBUTION.—*Rights of Surviving Husband. —Forfeiture by Abandonment.—Abandonment.*—The refusal by a husband to follow his wife to a new residence does not constitute abandonment within the meaning of §3036 Burns 1914, §249 R. S. 1881, and if the separation is by mutual consent there is no desertion by either party.   p. 684.

·6. DESCENT AND DISTRIBUTION.—*Rights of Surviving Husband.
—Forfeiture by, Abandonment.—Sufficiency of Evidence.*—In
· an action by a surviving husband for partition involving a
question as to whether he had forfeited, under the terms of
§3036 Burns 1914, §2498 R. S. 1881, the right to inherit from
his wife's estate by abandoning her, where the evidence tends
to show that the couple left a farm where they resided and
took up separate residences following a disagreement as to the
operation of the farm, that the husband declined to live with
the wife at her new place of residence, that he visited her on
a number of occasions and frequently communicated with her
over the telephone subsequent to the separation, that he ac-
companied her to a hospital and paid the expense of her sick-
ness and that while she was confined therein she stated that
they would resume housekeeping on her recovery, such evidence
is insufficient to show more than a separation by mutual con-
sent. p. 684.

From Lake Superior Court; *Charles E. Greenwald,*
Judge.

Action by Clinton C. Hill against Harry E. Taylor and
others. From a judgment for defendants, the plaintiff
appeals. (Transferred from the Appellate Court under
§1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Otto J. Bruce* and *W. Vincent Youkey,* for appellant.
*Victor K. Roberts, Frank B. Pattee* and *Fred B.
Smith,* for appellees.

SPENCER, C. J.—This is an appeal from a judgment
for appellees in an action instituted by appellant for the
partition of certain real estate in Lake county. The
property in question was owned by Anna E. Hill, wife
of appellant, at the time of her death and then passed
as a common estate to appellant, as her surviving wid-
ower, and appellee Harry Taylor, her son by a former
marriage, unless, as is contended by appellees, the ques-
tion of descent is affected in this case by the provisions
of §3036 Burns 1914, §2498 R. S. 1881. That statute
provides that "if a husband shall abandon his wife with-
out just cause, failing to make suitable provision for

her, or for his children, if any, by her, he shall take no part of her estate."

In support of his assignment that the superior court erred in overruling his motion for a new trial, appellant earnestly insists that the verdict of the jury on the issue of abandonment is wholly without support in the evidence.

Appellees' only defense to this contention is based on two grounds, each of which is technical. The first assertion is that appellant has failed to set out in

1. his brief a complete narrative statement of all the evidence given at the trial, as is required by Rule 22 of the rules of this court when questions such as the present are sought to be raised. In passing on this assertion, however, we need only to say that appellant's presentation of the entire record clearly shows at least a good-faith effort to comply with the rule in question. *Repp* v. *Indianapolis, etc., Traction Co.* (1915), 184 Ind. 671, 672, 111 N. E. 614; *Hall* v. *Terre Haute Electric Co.* (1905), 38 Ind. App. 43, 47, 76 N. E. 334.

We are warranted, however, in looking to the record itself in order to determine whether the judgment of a trial court should be affirmed, as substantially

2. correct (*Hogston* v. *Bell* [1916], 185 Ind. 536, 112 N. E. 883, 888), and we have taken occasion here to examine the transcript of all the evidence

3. given at the trial for the purpose of ascertaining on what facts and circumstances the verdict of the jury is based. Before passing to the merits of the case, however, we have to consider appellees' second contention, viz.: that there is no evidence in the record which would sustain a verdict for appellant as against appellee Minnie Taylor, and the ruling on the motion for a new trial must therefore be upheld under the decision in *Prescott* v. *Haughey* (1898), 152 Ind. 517, 51 N. E.

1051, 53 N. E. 766, that available error cannot be predicated on the overruling of a motion for a new trial where that motion is joint and several as to all of the defendants but is clearly not well taken as to one or more of such defendants. This contention rests on the false assumption that the issues presented by appellant's complaint differ materially as to the two defendants and that different proof was required as to each. Appellees are husband and wife and the interest of Minnie Taylor in the real estate in controversy is inchoate and depends wholly on the interest of her husband. For that reason, a verdict for or against either would rest on the same evidence, and a motion for a new trial, whether sustained or overruled, would affect each in the same manner.

In passing to the merits of the controversy we are required first to determine what proof is contemplated by the statute above set out in order to divest a 4. widower of that interest in his deceased wife's property which would otherwise pass to him under the law of descent. The primary issue is that of abandonment and proof of that fact is essential in all cases. Under the divorce law, and under statutes governing the support of married women, abandonment has been defined to be the act of a husband or wife who leaves his or her consort wilfully, without justification either in the consent or wrongful conduct of the other, and with an intention of causing a perpetual separation of the parties. *Summers* v. *Summers* (1912), 179 Ind. 8, 11, 100 N. E. 71; *Stanbrough* v. *Stanbrough* (1878), 60 Ind. 275, 279; *Carr* v. *Carr* (1892), 6 Ind. App. 377, 379, 33 N. E. 805. 1 Bishop, Marriage and Divorce (6th ed.) §776.

In the statute under consideration the term is clearly used in the same sense, even though it is not necessary, as under the divorce act, to show that the abandonment

continued over a fixed period of time. *Hahn* v. *Beelor* (1890), 132 Pa. St. 242, 254, 19 Atl. 74. The fact of desertion may be proved by a variety of circumstances leading with more or less probability to that conclusion but the evidence, as a whole, must be clear and convincing. 14 Cyc 699. The refusal by a husband to follow his wife to a new residence does not constitute abandonment (*Frost* v. *Frost* [1845], 17 N. H. 251), and if the separation is by mutual consent there is no desertion by either party. *Beller* v. *Beller* (1883), 50 Mich. 49, 14 N. W. 696; *Ingersoll* v. *Ingersoll* (1865), 49 Pa. St. 249, 88 Am. Dec. 500; *Hart* v. *McGrew* (1887), 11 Atl. (Pa.) 617.

The evidence in this case shows without dispute that for several years prior to the month of October, 1911, appellant and Anna E. Hill, his wife, lived on and cultivated a farm owned by Mrs. Hill near the village of Creston, in Lake county; that some time early in that month they stored most of their furniture and left the farm, she going to the home of her mother and stepfather at Creston and he to the home of his mother in the nearby town of Lowell. There is evidence tending to show that Mrs. Hill became very much dissatisfied with the operation of the farm and desired to leave it long prior to the time of the alleged separation, but that appellant refused to move to Creston as was her wish; that this difference of purpose caused some discussion between the parties, and that when she finally made up her mind to move to the village, he declined to live there with her. There is some testimony also, of a negative character, to the effect that the particular witness did not thereafter see appellant and his wife together and did not know whether he made any effort to provide for her, and other statements of a similar nature. One witness testified, over appellant's objection, that Mrs. Hill told her over the tele-

phone, about three weeks before she moved to Creston, that "a house divided against itself can never stand"; that she was dissatisfied with conditions at the farm and could not stand it any longer.

On the other hand, witnesses for appellant testified that Mrs. Hill's mother and stepfather were aged people and that she went to their home to care for them and for an invalid sister; that appellant, on a number of occasions, came to the house to see her and she visited him at Lowell, and, on such occasions, they remained days and nights together; that they were at times together in public, and that they frequently made use of neighbors' telephones to call each other. None of this testimony is expressly disputed by appellees and it is, in a sense, corroborated by an affectionate note written by Mrs. Hill to her husband on the occasion of his birthday some three or four months before her death. She died in March, 1913, following an operation in a hospital in Chicago, and it is admitted that appellant accompanied her to Chicago and was with her during her sickness there and paid her hospital expenses. There is testimony also to the effect that she stated at the hospital that they would resume housekeeping as soon as she was well.

However, to consider only that evidence which tends to support the verdict of the jury, it is sufficient, at most, to show nothing more than a separation by mutual consent. There is no evidence whatever that appellant at any time left the home of the parties and it is apparent from the evidence introduced by appellees that when Mrs. Hill moved to Creston, appellant assisted her in carrying to her mother's home certain articles of furniture for use in her room. In brief, the evidence fails to show an abandonment within the meaning of the statute and the verdict of the jury must, therefore, be set aside. *Keesey* v. *Keesey* (1911), 160

Cal. 727, 117 Pac. 1054; *Hague* v. *Hague* (1915), 84 N. J. Eq. 674, 95 Atl. 192; *Provost* v. *Provost* (1906), 71 N. J. Eq. 204, 63 Atl. 619; *Ingersoll* v. *Ingersoll, supra.*

Other questions as to the admissibility of evidence and the sufficiency of certain instructions will probably not arise on a retrial of the issues and need not be considered. The death of appellant being suggested, the judgment is reversed as of date of submission, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent herewith.

NOTE.—Reported in 117 N. E. 930. See under (3) 29 Cyc 924; (4, 5) 14 Cyc 83; (5) 14 Cyc 699.