## MOREHOUSE *v.* KOBLE ET AL.

[No. 11,699.   Filed October 25, 1923.]

1. DESCENT AND DISTRIBUTION.— *Inheritance.— Right of Husband to Inherit. — Abandonment. — Evidence. — Sufficiency.— Statutes.*—In an action to quiet title, involving the question whether the husband had forfeited his right to inherit under the provision of the statute, (§3036 Burns 1914, §2499 R. S. 1881) by having abandoned his wife, evidence, *held* insufficient to show abandonment.  p. 419.

2. DESCENT AND DISTRIBUTION.— *Inheritance.— Right of Husband to Inherit.—"Abandonment."—Statutes.*—The separation of man and wife by mutual consent is not abandonment within the meaning of the statute (§3036 Burns 1914, §2499 R. S. 1881) providing that where a husband shall abandon his wife without just cause, he shall take no part of her estate; "abandonment" as used in this statute implies a want of consent, an unwillingness, on the part of the wife.  p. 422.

3. DESCENT AND DISTRIBUTION.— *Inheritance.— Right of Husband to Inherit.—Abandonment.—Burden of Proof.—Statutes.* —In an action to quiet title involving the question of whether the husband abandoned his wife within the provisions of the statute (§3036 Burns 1914, §2499 R. S. 1881) and forfeited his right to inherit from her estate, *held* the burden was on the parties asserting the abandonment to prove both the abandonment and want of just cause.  p. 422.

4. DESCENT AND DISTRIBUTION.— *Inheritance.— Right of Husband to Inherit.—Abandonment.—Separation Contract.—Evidence.—Admissibility.*—In an action to quiet title involving the question of whether the husband had forfeited his right to inherit from his wife's estate by having abandoned her, a separation contract was properly considered along with other evidence in determining whether the parties mutually agreed to a separation.  p. 423.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by Christopher Koble and others against Franklin W. Morehouse.   From a judgment for plaintiffs, the defendant appeals.   *Reversed.*

*O. E. Fuelber,* for appellant.
*Aiken, Douglass & Aiken,* for appellee.

McMAHAN, C. J.—Appellees filed their complaint against appellant to quiet their title to certain real estate, and alleged that Maude Morehouse, who was the wife of appellant, died the owner of such real estate; that appellant a short time before the death of his wife abandoned her without just cause and failed to make suitable provision for her and for that reason was entitled to no part of her estate.

Appellant filed a cross complaint in which he claimed to be the owner of the whole of said real estate and asked to have his title quieted. There was a decree quieting appellant's title to a one-half interest in the property and that he had a lien on the whole of the real estate for a certain sum because of money advanced after the death of his wife for part payment of a mortgage, tax liens and for improvements, and quieting appellees' title to the other half of said real estate. Appellant contends that the decision of the court is not sustained by sufficient evidence.

Appellant and Maude Morehouse were married in 1904. Mrs. Morehouse died February 3, 1919, without issue, leaving as her only possible heirs appellant and appellees. Appellant and his wife had domestic trouble during the last year of her life. On two occasions appellant left her remaining away about a day each time. They separated again January 5, 1919, at which time the real estate in question was owned by appellant. Within a day or two after this separation Mrs. Morehouse went to see a lawyer telling him that she and her husband had decided on a separation and that she would bring her husband in to see the lawyer. January 10, 1919, appellant and his wife went to the office of this lawyer and it was agreed that appellant should file a complaint for divorce; Mrs. Morehouse agreeing that she would not ask for alimony or

attorney fees and releasing her right to support if appellant would convey the real estate in question to her. This agreement was reduced to writing and is as follows:

"This agreement entered into this 10th day of · January, 1919, by and between Franklin W. Morehouse, party of the first part, and Maude Morehouse, party of the second part, witnesseth:

Whereas, the party of the first part is on this day applying for a divorce in the DeKalb Circuit Court, and whereas, it is the desire of the parties hereto to settle in the event that either party should be granted a divorce, the question of alimony, and all financial and property matters between said parties. Now therefore, it is agreed by the parties that in consideration of deeds to the real estate known as lots 10 and 11 in Block 64, Keysers Addition in the Town of Garrett, Indiana in the name of Maude Morehouse, subject to a certain mortgage held by the B. & O. Railroad Company, upon said property, and in further consideration of the receipt of all household furniture and fixtures belonging to said party and now located at their home in Garrett, Indiana, that said Maude Morehouse re· leases all her rights to alimony or other financia' settlements; also her right to further support from said first party, including attorney fees, in the event of a contest in said divorce proceedings instituted by said first party.

It is further agreed that said Maude Morehouse assumes the B. & O. Railroad Mortgage against said premises before described; and that said Franklin W. Morehouse agrees to pay second mortgage now upon said premises.

Franklin W. Morehouse.
Maude Morehouse."

At the time this agreement was made appellant through a trustee conveyed the real estate to his wife. The real estate so conveyed was all the property appellant had and was worth from $3,000 to $4,000. Appellant was working for a railroad and had given his wife the wages he drew for December, 1918. She had

been keeping roomers and boarders and had at least one roomer and boarder after the separation and had a small supply of provisions on hand when they separated. On the night of February 1, 1919, appellant learned that his wife was sick and went to see her that night and remained with her until she died. After her death he paid the funeral expenses, the doctor bill for her last sickness, the taxes on the real estate, $700 on the mortgage and made permanent improvements on the house.

On February 13, 1919, appellees Christopher and Catherine Koble, they being the father and mother of Mrs. Morehouse, executed a deed whereby they conveyed their interest in the real estate to appellant. On the day when this deed was executed appellant turned part of the household goods and personal effects of his wife over to her parents. Mr. and Mrs. Koble denied the execution of this deed. Its execution was proven to the satisfaction of the court and the evidence is ample to sustain that finding.

Section 3036 Burns 1914, §2499 R. S. 1881, provides that: "If a husband shall abandon his wife without just cause, failing to make suitable provision for her, or for his children, if any, by her, he shall take no part of her estate."

The Supreme Court in *Hill* v. *Taylor* (1917), 186 Ind. 680, 117 N. E. 930, in discussing this section of the statute and the necessary proof to divest a widower of that interest in his deceased wife's property which would otherwise pass to him under the law of descent, said: "The primary issue is that of abandonment and proof of that fact is essential in all cases. Under the divorce law, and under statutes governing the support of married women, abandonment has been defined to be the act of a husband or wife who leaves his or her consort willfully, without justification either

in the consent or wrongful conduct of the other, and with an intention of causing a perpetual separation of the parties. * * * and if the separation is by mutual consent there is no desertion by either party."

The separation of appellant and his wife was a separation by mutual consent. What he did was with her consent, and in our judgment does not amount to 2. an abandonment within the meaning of the statute under consideration. Abandonment as used in this statute, and as applied to the instant case implies a want of consent, an unwillingness, on the part of the wife. *Summers* v. *Summers* (1912), 179 Ind. 8, 100 N. E. 71; *Barnett* v. *Barnett* (1901), 27 Ind. App. 466, 61 N. E. 737.

Not only must there be an abandonment in order to prevent a widower from taking an interest in the property of his deceased wife, but such abandonment 3. must be without just cause. The burden was on appellees to prove both abandonment and want of just cause. There is not a particle of evidence in this case to show whether appellant had or did not have just cause in leaving his wife. On January 10, when the agreement was signed, and when the property was conveyed to Mrs. Morehouse, appellant's complaint for divorce was prepared and signed by him and later sent to the clerk's office for filing. No further proceedings were had in that behalf. It may be presumed that the complaint was filed, although there is no evidence of such fact, other than that it was mailed to the clerk for that purpose. Even if it be conceded that appellant abandoned his wife there is no evidence that it was without just cause.

The legality or illegality of the contract signed by appellant and his wife is not involved in this appeal. It was proper, however, for the court to consider the

contract along with other evidence in determin-
4. ing whether the parties mutually agreed to a separation.

Mrs. Morehouse, having died intestate and without issue, three-fourths of the real estate in question descended to her husband and one-fourth to her father and mother. §3027 Burns 1914, §2489 R. S. 1881. The father and mother having conveyed their interest to appellant, he thereby became the owner of the whole of such real estate.

The decision of the court is not sustained by the evidence. Judgment reversed, with directions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.