WEBER ET AL. *v.* FOHL ET AL.

[No. 16,805. Filed May 8, 1942.]

*O. W. Hubbard,* of Brookville, for appellants.

*Michael Bohland* and *Chester Bielby,* both of Lawrenceburg (*Estal G. Bielby,* of Lawrenceburg, of counsel), for appellees.

BLESSING, J.—This action was instituted by appellees (plaintiffs below) in the Franklin Circuit Court against appellants (defendants below) to recover upon an account of $771.65, based upon a sale of wheat.

The complaint was in two paragraphs, the first alleging a partnership and the second alleging a general agency. The appellants filed their separate and several answers in general denial to each of said paragraphs of complaint, and they also filed a second paragraph of answer denying that a partnership existed or had ever existed between the appellants. To such second paragraph of answer, the appellees filed their reply in general denial, closing the issues.

The cause was tried before a jury, resulting in a verdict for appellees upon the first paragraph of complaint in the sum of $771.65 with interest thereon. Judgment was thereafter rendered on the verdict.

Each of the appellants filed a motion for new trial, assigning as grounds therefor that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. The overruling of said motions is the only error relied upon for reversal.

The first paragraph of the complaint alleged that Albert Fohl and Michael Fohl were associated as part-

ners in the wheat, flour and feed business and that they did business under the name of Fohl and Fohl; that the appellants, John Weber, Sr. and John Weber, Jr., were partners in the milling business in the town of Sunman, Indiana, and that they conducted their partnership under the name of Weber Milling Company; that the Webers, as such partners, requested of the appellees 1187 bushels and 10 pounds of wheat, at 65¢ per bushel, and that appellees sold and delivered said wheat to appellants at a purchase price of $771.65, but that said purchase price has never been paid, although demand therefor had been made.

The second paragraph of complaint was substantially the same as the first, except that, instead of alleging a partnership, it alleged that John Weber, Sr. was engaged in the milling business in Sunman, Indiana, and that he employed his son, John Weber, Jr., as his general agent and manager. It further alleged that the wheat was sold to John Weber, Sr. and his agent, John Weber, Jr.

Appellees challenge the brief of the appellants because evidence favorable to appellees was omitted. However, we think that appellants' presentation of the evidence clearly shows at least a good faith effort to comply with Rule 2-17 (e) of the Rules of the Supreme Court. A good-faith effort to comply and substantial compliance with the rule will obtain consideration of the brief. *Hill* v. *Taylor* (1917), 186 Ind. 680, 117 N. E. 930.

Appellees contend that the appeal should be dismissed because no appeal bond was filed to comply with § 2-3204, Burns' 1933.

When this appeal was prayed from the judgment of the Franklin Circuit Court, the appeal was granted, and the judge of the said Franklin Circuit Court fixed

the penalty of the appeal bond at $1250 and granted a period of thirty days within which to provide such bond. The record shows the following entry: ". . . and the Court now expressly approves as an appeal bond herein either the sum of Twelve Hundred Fifty ($1250.00) Dollars in cash, or the same sum evidenced by a certified check issued by a banking institution in the Town of Brookville, Franklin County, Indiana, such bond in either event to be deposited with the Clerk of this Court." Within due time appellants filed with the clerk of the Franklin Circuit Court, their certified check for $1250.00 drawn upon the Franklin County National Bank, which check was approved by the court as an appeal bond.

Section 2-4712, Burns' 1933, provides that whenever any bond is required by law to be filed in any civil, criminal or probate proceedings, whether in a circuit or superior court, or before a justice of the peace, or mayor or any city court of a city, a deposit of cash or a properly certified check or draft for the full amount of such bond with the officer with whom such bond is required to be filed may be accepted in lieu thereof. It also provides that the act shall not be construed as mandatory on any court or officer, but as conferring a privilege, which may be exercised for the convenience of litigants.

The court fixed the amount of the check and the time within which the check was to be filed, and approved any bank in the town of Brookville, Indiana, to certify said check, just as he would have fixed the amount and named and approved the surety had it been a bond. Since § 2-4712, Burns' 1933, hereinbefore set out, confers upon the court the privilege of accepting a certified check instead of a bond, no error was committed and the appeal will not be dismissed.

The verdict of the jury was based upon the first paragraph of complaint, that is, the jury found that John Weber, Sr. and John Weber, Jr. were conducting business as a partnership. Appellants contend that there is no evidence tending to prove that John Weber, Sr. and John Weber, Jr. were or ever had been partners.

The evidence discloses that John Weber, Sr. had conducted a wheat, flour and feed business in the town of Brookville, Indiana, for many years prior to 1935; that in July of 1935, he purchased a mill and milling machinery in the town of Sunman, Indiana, which he leased to his son, John Weber, Jr., and for which the son paid a rental of $100 per month; that the son carried on business in Sunman, Indiana, until the latter part of December, 1938, at which time said John Weber, Jr. closed the doors of his business because of his financial inability to carry on further transactions; that from 1935, to 1938, John Weber, Sr. operated a feed mill but not a flour mill in Brookville, Indiana; that said John Weber, Sr. conducted his business in Brookville, Indiana under the name of Weber Milling Company and had done so since 1916, and that John Weber, Jr. conducted his business in Sunman, Indiana, under the same name, that is, Weber Milling Company.

The undisputed evidence further discloses that the appellee Albert Fohl called John Weber, Jr. at Sunman, Indiana, by phone and sold him 1187 bushels and 10 pounds of wheat at 65¢ per bushel; that on December 15, 1938, said John Weber, Jr. sent his trucks to the Fohls' place of business and hauled the wheat to the Weber Milling Co. at Sunman, Indiana; and that John Weber, Jr. has failed to pay for said wheat.

There is no contention by the appellees that the evidence in this case is sufficient to establish an actual partnership relation between John Weber, Sr. and John

Weber, Jr., but the claim of partnership liability is predicated on the doctrine of estoppel.

The doctrine of estoppel furnishes the basis on which one person, not in fact a partner of another, may by his own acts or conduct, or by acquiescence in the other person's acts and conduct, bind himself as such partner. Or, in other words, a partnership liability of one not in fact a partner, but who has held himself out as such, or has, permitted himself to be held out as such, rests on the doctrine of estoppel. To establish a partnership liability on this basis, all the elements of estoppel must be proven.

In order to constitute an estoppel, the following elements are necessary: (1) A representation or concealment of material facts; (2) the representation must have been made with a knowledge of the facts; (3) the party to whom the representation was made must have been ignorant of the truth of the matter; (4) the representations must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced thereby to act. *Steele* v. *Michigan Buggy Co.* (1912), 50 Ind. App. 635, 95 N. E. 435; *Kerestury* v. *Elkhart Packing Co.* (1940), 108 Ind. App. 148, 27 N. E. (2d) 383.

The record discloses that there was much evidence on the fact that John Weber, Sr. of Brookville, Indiana, wrote checks on the Weber Milling Co. account at Sunman, Indiana, and that John Weber, Jr. of Sunman, Indiana, wrote checks on the Weber Milling Company account at Brookville, Indiana. However, there is no evidence proving that the firm of Fohl & Fohl were induced by these acts to sell wheat to John, Jr. As a matter of fact, there is no evidence showing that the firm of Fohl and Fohl ever knew that John Weber, Jr.

and John Weber, Sr. drew checks on one another's bank accounts. Mr. Albert Fohl testified that John, Jr. always paid for the wheat by check, but that he did not remember how the check was written.

There is also brought into the record evidence concerning the fact that after December 15, 1938, the day that the wheat was sold to John, Jr., John Weber, Sr. offered to compromise some of the debts of the said John Weber, Jr. This evidence, if it had any probative value, cannot be used to establish a partnership by estoppel as to the sale of wheat on December 15, 1938, because the facts and conduct which constitute the holding out of the person sought to be charged as a partner, in order to create liability as against such person in favor of the person seeking to charge him with such liability, must have preceded the extension of credit on which recovery is sought, and must have induced the giving of such credit. *Steele* v. *Michigan Buggy Co., supra.*

Albert Fohl testified that his firm was buying bran and middlings from the Weber Milling Co. at Brookville during the same period of time that the Weber Milling Company at Sunman was buying wheat from the said firm of Fohl and Fohl. He also testified that the firm of Fohl and Fohl, as a rule, would deduct what it owed the Weber Miling Company at Brookville from John Weber, Jr's. bill for wheat. However, when asked (concerning this particular arrangement) the following question: "Nothing about that to indicate a partnership to you was there?", said Albert Fohl answered, "Not that I know of." His answer clearly indicates that he was not induced to sell the wheat to John Weber, Jr. by this conduct on the part of the Webers.

Appellees also contend that John Weber, Jr. and John Weber, Sr. were associated together as partners in

Brookville, Indiana, under the name of Weber Milling Company. All the evidence upon this contention merely establishes the fact that John Weber, Jr. worked for his father at the mill in Brookville, before the mill in Sunman was purchased. The name "Weber Milling Company" does not of itself indicate that more than one person was involved in the business. If the name had been "Weber & Weber" or "Weber & Son" then it could have been assumed that an association of two or more persons was involved. There mere fact that the name of Weber Milling Company was used for the mills in both Brookville and Sunman is not sufficient to establish a partnership. This evidence could very well support the proposition that John Weber, Sr. had established another mill and had employed his son as his general manager or agent.

Albert Fohl testified that on three or four different occasions he had engaged John Weber, Sr. in conversation pertaining to the purchase of wheat for the mill at Sunman, and that on one occasion said John Weber, Sr. had said, "We could use a lot of wheat at Sunman, in that mill, it is going day and night." Upon direct examination the following question was propounded: "Relying upon his statements to you concerning his need of wheat at Sunman, did you furnish the wheat?"; to which question, said Albert Fohl answered, "Yes, we furnished the wheat." Upon redirect examination of Albert Fohl, the following questions and answers appear:

"Q. You also stated John Weber, Sr. told you on several occasions he needed wheat at Sunman?

"A. He told me that one time—we could use lots of wheat over at that mill.

"Q. Is that why you permitted this wheat to go over there?

"A. Yes, sir.

"Q. If he hadn't made that statement you wouldn't have let it?

"A. I wouldn't have let that much go out.

"Q. If it hadn't been for John Weber, Sr's statements?

"A. Yes, sir."

This testimony indicates that the only statement upon which the firm of Fohl & Fohl relied was that of John Weber, Sr. relating to the fact that "we could use lots of wheat at the mill in Sunman." We are of the opinion that this statement was not sufficient to constitute a representation by John Weber, Sr. that he held himself out as a partner in the Weber Milling Company at Sunman, Indiana. Considering said statement as favorably as possible to appellee, it must be said that such statement would support only a reasonable inference that a partnership existed, and in this State it has been expressly held that there can be no estoppel by inference. *Tinsley* v. *Fruits* (1898), 20 Ind. App. 534, 51 N. E. 111; *Wilkerson* v. *Wood* (1924), 81 Ind. App. 248, 143 N. E. 166.

The evidence being insufficient to sustain the verdict of the jury, the judgment of the lower court is reversed with instructions to sustain appellants' motions for new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 41 N. E. (2d) 648.