## FERGUSON v. FERGUSON.

1. DIVORCE—ELEMENTS OF DESERTION.
   The elements constituting desertion are (1) cessation of cohabitation, (2) abandonment by spouse without fault on complainant's part, and (3) that the abandonment or separation be against the will and desire of the party seeking the decree.

2. SAME—DESERTION—PERIL TO HEALTH OR LIFE.
   In case one spouse leaves the other because continuance of living and cohabiting with such other imperils health or life, the spouse who leaves is not guilty of desertion entitling other to a decree of divorce on such ground.

3. SAME—APPEAL—FINDINGS OF TRIAL COURT.
   While the Supreme Court is not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo*, especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and they will not be reversed unless the Supreme Court is convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances.

4. SAME—DESERTION—FINDINGS—ALIMONY—COSTS.
   In husband's suit for divorce on ground of desertion, finding of trial judge that wife did desert plaintiff without just cause

and awarding him decree of divorce without making an award of alimony or costs is affirmed under record made.

Appeal from Jackson; Simpson (John), J. Submitted January 3, 1945. (Docket No. 25, Calendar No. 42,658.) Decided February 20, 1945.

Bill by Charles R. Ferguson against Lottie Green Ferguson for divorce on grounds of desertion. Decree for plaintiff. Defendant appeals. Affirmed.

*H. A. Kinch,* for plaintiff.

*Robert Crary,* for defendant.

BUSHNELL, J. The parties hereto were married at Adrian, Michigan, in 1903. At the time of the trial, November 6, 1942, plaintiff lived in the city of Jackson, and defendant, who had spent some time in California, was temporarily in the city of Toledo, Ohio. Since the separation, plaintiff has contributed nothing to his wife's support.

Plaintiff charged in his bill of complaint that the defendant deserted him on or about July 1, 1938, at their home in the village of Leoni in Jackson county, and that, although he attempted to locate his wife, he received no letter or communication from her, and always believed that she would return. After being informed of the pendency of the divorce action, defendant filed an answer in which she denied deserting her husband and averred that she left his home because it was unsafe to live any longer with him.

The wife testified that Ferguson struck her and threatened to kill her, whereupon she left the home and never returned. Ferguson, when asked to tell what happened on that occasion, said:

"Well, this meal we were having, call it lunch, she threw a cup of hot tea in my face, and I started around after her, and the argument ended in the store. Part of the deal she picked up a knife and started for me with my knife we used to cut meat, made a pass or two for me. I could not get hold of her. I gave her a shove, and she went down on the floor in the corner, the cement floor, and I wrestled the knife away from her. That is the extent of that battle."

The trial judge, after hearing the testimony of the parties and their several witnesses, resolved the conflicting testimony in favor of the plaintiff, and concluded "that defendant did desert the plaintiff and a decree of divorce should enter on that ground." He added:

"It is very apparent to the Court that these parties could never live together, that the marital life has been made impossible. There is no property involved and no children involved."

Defendant objected to the settlement of a proposed decree because no provision had been made for her support, and her husband was employed and able to provide for her, and that she is now unable to support herself properly. She also insisted that some provision should be made for the payment of her attorney's fee and costs.

On appeal she argues that plaintiff did not sustain the burden of proving desertion but, on the contrary, acquiesced in her absence from the home; that the court erred in finding that the separation was against the will of plaintiff, and that her cause of action was justified because of cruel treatment. She also urges that provision be made for her support and maintenance.

The elements constituting desertion enumerated in *Rose* v. *Rose*, 50 Mich. 92, are repeated in *Miller* v. *Miller*, 253 Mich. 463, as follows: "(1) cessation of cohabitation, (2) abandonment by his spouse without fault on complainant's part, and (3) that the abandonment or separation was against the will and desire of the party seeking the decree."

In *Warner* v. *Warner*, 54 Mich. 492, the wife contended that her reason for leaving her husband was cruelty, and the court held:

"If the husband's conduct is so cruel towards his wife that she cannot live and cohabit with him with safety to her health or without peril to her life, or if she had good reason to believe she cannot, and for such reason she leaves him and abandons his home, she does not thereby commit the crime of desertion. In such case she does not leave her husband or her home in consequence of any willingness on her part, but is compelled by the cruelty of her husband, and against her will, so to do. The desertion in such case is upon his part, and not upon hers. He as completely commits the crime of desertion when, by his cruel conversation and conduct, he compels her, for safety, to leave him and his home, as when he wilfully and without cause leaves and abandons her. In all such cases the husband is guilty of the crime of misconduct he charges against the wife, and of course cannot have a decree."

But as said in *Chubb* v. *Chubb*, 297 Mich. 501:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo*, especial consideration is given to such finding, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have

reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich. 151; *Stratmann* v. *Stratmann,* 287 Mich. 94; *Westgate* v. *Westgate,* 291 Mich. 18.''

An examination of the testimony brings us to the same conclusion that was reached in *Bly* v. *Bly,* 300 Mich. 681, where, after quoting from the *Chubb Case,* we said:

''In the instant case we find no reason for disturbing the determination of the trial judge either as to which party should have the decree of divorce or the award of alimony and property settlement.''

The trial judge determined the questions of dower, property settlement, and attorney's fee. Having deserted her husband without just cause, as correctly held by the trial judge, defendant was denied alimony. She testified that she has supported herself since she left her home by working as a practical nurse. Under the facts disclosed in this record she is not entitled to alimony and should continue to support herself as she has elected to do since 1938.

The decree of the trial court granting plaintiff a divorce is affirmed, but without costs. It is so ordered.

Starr, C. J., and North, Wiest, Butzel, Sharpe, Boyles, and Reid, JJ., concurred.