FANNER v. FANNER.

1. DIVORCE—ELEMENTS OF DESERTION.
    The elements constituting desertion are (1) cessation of cohabitation, (2) abandonment by spouse without fault on plaintiff's part, and (3) that the abandonment or separation be against the will and desire of the party seeking the decree.

2. SAME—DESERTION—EVIDENCE.
    In husband's suit for divorce because of desertion, evidence justified an award of a decree on such ground where it appears that for much more than 2 years the wife refused to come to Michigan to make a home for husband, notwithstanding his good-faith endeavors in such respect over a much longer period of time and without a sufficient reason on her part for refusing to do so.

3. SAME—REMAND—ALIMONY—PROPERTY SETTLEMENT.
    Where trial court had dismissed plaintiff husband's bill for divorce and Supreme Court reverses such decree and awards him a divorce on ground of wife's desertion, cause is remanded with instructions to fix the alimony and property settlement and enter a decree for plaintiff incorporating the alimony and property settlement so fixed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  17 Am Jur, Divorce and Separation, § 88 et seq.
[1, 2]  Desertion as affected by element of remonstrance or resistance.  3 ALR 503.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 7, 1949. (Docket No. 50, Calendar No. 44,467.) Decided December 8, 1949.

Bill by Percival A. Fanner against Gertrude Marie Fanner for divorce on ground of desertion. Decree for defendant. Plaintiff appeals. Reversed and remanded to fix alimony and settle property rights in decree for plaintiff.

*Buckingham, Piggins & Rehn* (*Thomas L. Thomson,* of counsel), for plaintiff.

*Ballantine, Kennedy & Huhn,* for defendant.

REID, J. This is a divorce suit. The parties were married March 1, 1916, in Cleveland, Ohio, where both had always lived prior thereto. One child was born to the parties, Jeanne E. Fanner, who is now over 21 years of age. Plaintiff husband relies on proof of desertion for a period greatly in excess of 2 years. Defendant filed an answer to the bill of complaint containing denials of the cause of action.

The elements constituting desertion are set forth in *Ferguson* v. *Ferguson,* 310 Mich 630, 633, as follows:

"(1) Cessation of cohabitation, (2) abandonment by his spouse without fault on complainant's part, and (3) that the abandonment or separation was against the will and desire of the party seeking the decree."

The parties in this case continued to live in Cleveland as husband and wife until 1933, when plaintiff's employer moved its plant to Bay City, Michigan, and plaintiff went to Bay City, where his employer offered him a half-time job. He assumed he would be a permanent employee of the business at Bay City

but permanence was not assured. The general financial depression being very acute, it was agreed between the parties to this case that plaintiff's going to Bay City was the best thing that could be done. After the lapse of about 2 years, it appeared likely that his job would be fairly permanent. In the meantime, from time to time plaintiff visited with his wife, who continued to live in Cleveland, and he contributed to her support, apparently according to the best of his ability. In 1935, plaintiff bought a house in Cleveland which had belonged to his wife's sister but which was apparently about to be lost on a foreclosure and plaintiff bought it to help out his sister-in-law and for an investment, not for the purpose of determining or settling upon that house as a place where plaintiff and defendant might live. Plaintiff testified,

"We bought it fairly cheap. It looked like a good investment to us.  *  *  *  We bought it as an investment, an income producing property."

Plaintiff further testified,

"I think we paid $8,100 for that house.  *  *  *  We owe on it now in the neighborhood of $4,000."

Plaintiff always lived in a room since he came to Michigan in 1933. Much correspondence is shown in the record to have passed between the parties while plaintiff continued to live in Michigan, in which correspondence plaintiff requested defendant to come to Michigan, but she continued to live in Ohio.

In 1942, plaintiff left the employment of the Brown Hoist Company, which had been his employer since he left Cleveland, and he engaged in war work in Detroit at a better job. Plaintiff endeavored in good faith and sincerity to persuade his wife to come from Cleveland and live with him at Bay City and later in Detroit when his employment was in Detroit, and

his offers fairly imply that he was ready to make a home for her if she would come.

There has been no cohabitation at all by the parties since 1944.

Defendant on the witness stand admitted writing letters expressing her unwillingness to come to Michigan, and endeavored by her testimony to explain away the force of her letters by saying she was "peeved" and that she only desired to cause plaintiff to realize the situation and be more considerate of her. However, near the conclusion of her testimony she makes this statement:

"I want this court to believe I was always willing to come to Michigan, yet over a period of 10 years I wrote consistently to my husband that I wouldn't come to Michigan."

Plaintiff husband was amply justified in his conclusion that his wife was unwilling to make a home for him or live with him. We must conclude from all the testimony in this case that although the wife agreed with her husband that his going to Bay City was an absolute necessity for the support of herself and her child, yet she refused to go to live at Bay City with him, and that she had no sufficient reason for such refusal. Plaintiff was not bound to buy or lease a residence for defendant in Bay City in view of her flat refusal to live in Bay City.

We honor defendant's scruples against divorce but she has refused to comply with the conditions of married life and under all the circumstances we must consider that she is guilty of desertion since 1944— therefore, for a period much greater than 2 years, as plaintiff claims.

The lower court dismissed the bill of complaint. Such decree is reversed and a decree of divorce should have been entered as prayed for by the plaintiff. The cause will be remanded to the circuit court

for the county of Wayne in chancery with instructions to fix the alimony and property settlement and enter a decree of divorce for plaintiff incorporating the alimony and property settlement so fixed.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.