STATE OF INDIANA, EX REL., v. SONDERMAN ET AL.

[No. 11,629.   Filed October 30, 1923.]

1. COUNTIES.—*Officers.—Actions on Bonds.—Proper Relator.*— Since the enactment of the Public Accounting Law (Act 1917 p. 347, §7546j1 Burns' Supp. 1921), in a suit on the bond of the county treasurer to recover the amount the county was damaged by a sale of public improvement bonds for less than par, the county is the proper relator.  p. 444.

2. COUNTIES.—*Sale of Bonds for Less than Par.—When Interest has Accrued.—Statute.*—Section 7725b Burns 1914 provides that all bonds authorized by the board of commissioners for the purpose of providing money for the construction or improvement of any highway shall be sold by the county treasurer for not less than par; under this statute, when interest has accrued on bonds, they must be sold for the principal and the accrued interest.  p. 446.

3. COUNTIES.—*Bonds.—Validating Sale.—Power of Legislature.* —In the absence of constitutional restrictions, the legislature has power to legalize and validate an illegal sale of county highway bonds.  p. 447.

4. STATUTES.— *Validating.— Liberally Construed.*— Statutes enacted to validate acts of public officials are liberally construed to effectuate the purpose of their enactment.  p. 447.

5. COUNTIES.— *Bonds.— Legalizing Act.— Statute.*— The act of 1921 (Acts 1921 p. 141, §7726e *et seq.* Burns' Supp. 1921) validating all highway bonds issued by county commissioners and all proceedings under which the same were issued legalizes a sale of such bonds at less than par, in violation of §7725b Burns 1914.  p. 448.

From Dubois Circuit Court; *John F. Dillon,* Judge.

Action by the State of Indiana, on relation of the board of county commissioners of Dubois county against

Joseph A. Sonderman and others. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*U. S. Lesh,* Attorney-General, and *Dale F. Stansbury,* for appellant.

*Leo H. Fisher* and *Mattingly & Meyers,* for appellees.

MCMAHAN, C. J.—Complaint by the State of Indiana on relation of the board of commissioners of Dubois county against Joseph A. Sonderman, treasurer of said county, and the sureties on his official bond to recover the sum of $184, on account of the sale of gravel road bonds by such treasurer for less than their par value including accrued interest. A demurrer to the complaint having been sustained appellant appeals.

The complaint after alleging the election of appellee Sonderman as treasurer and the execution of his bond with the other appellees as sureties, alleged that the board of commissioners of said county after proper proceedings therefor issued bonds of said county for the purpose of raising money to pay for the construction of a certain gravel road, said bonds being in the principal sum of $16,400 and drawing interest at the rate of four and one-half per cent. per annum from July 15, 1919; that on November 6, 1920, after having given notice thereof, said Sonderman as treasurer sold bonds to the Huntingburg Bank for $16,441; that the accrued interest on said bonds on the said day of sale amounted to $225, making the par value of said bonds at that time $16,625; that in selling said bonds said Sonderman did not faithfully perform and discharge his duties as treasurer, to the damage of said county.

Appellees insist that the board of commissioners is not a proper relator and that the action should have been brought in the name of the auditor of Dubois county as relator. Section 10403 Burns 1914, Acts 1891 p. 199, provides, in substance,

that when a county treasurer fails to pay over county revenues collected by him, he and the sureties on his bond shall be liable and that the suit on his bond shall be brought in the name of the State of Indiana on relation of the county auditor. Appellees have cited a number of decisions of our Supreme Court holding that such actions must be brought on relation of the auditor, but all of the cases cited were decided prior to the enactment of the public accounting act. Sections 7546j1-7546n1 Burns' Supp. 1921, Acts 1917 p. 347, authorizes the prosecution of the instant case by the attorney-general in the name of the state on relation of the board of commissioners. Section 7546j1 Burns' Supp. 1921, *supra,* provides that whenever an examination made under authority of the state board of accounts discloses malfeasance, misfeasance or nonfeasance in office or of any officer, the attorney-general, upon receipt of the report of such examination from the governor, shall institute and prosecute proceedings against the delinquent officer or upon his official bond to recover for the proper municipality any funds misappropriated, diverted or unaccounted for. Section 7546m1 Burns' Supp. 1921, Acts 1917 p. 347, provides that any action brought by the attorney-general may be brought in the name of the State of Indiana, or the municipality to which the funds belong. It also provides that, if the action is on an official bond, the "cause may be brought in the name of the State of Indiana on the relation of such plaintiff." And in an action where the board of commissioners is plaintiff or relator, "The plaintiff shall be entitled to recover against the delinquent officer or ex-officer, or upon his official bond, or bonds, all such amounts as would be recoverable under all the laws of this state. * * *" And the term municipality is to be construed to include and mean any county, township, etc. By §7546n1 Burns' Supp. 1921, *supra,* the rem-

edies provided for in the act are cumulative. We therefore hold that the board of commissioners was a proper relator.

Section 7725b Burns 1914, Acts 1913 p. 414, provides that all bonds authorized by the board of commissioners for the purpose of providing money for the 2. construction or improvement of any highway shall be sold by the county treasurer to the highest bidder, and for not less than par. Section 7725c Burns 1914, Acts 1911 p. 337, provides that, when any bonds "issued" for the construction or improvement of roads have not been "sold" within one year after the date of "issue" for the reason that the treasurer has been unable to obtain a bid therefor, the board of commissioners may recall and retire such bonds and within one year thereafter "issue" other bonds and place them in the hands of the treasurer for sale.

Appellant contends that §7725b Burns 1914, *supra,* required appellee Sonderman as treasurer to sell the bonds in question for an amount not less than the principal sum plus the interest from the date of issuance to the day of sale, while appellees contend that the provision that the bonds shall be sold for not less than par means that they were to be sold for the principal sum without accrued interest.

As was said by the court in *Village of Fort Edward* v. *Fish* (1898), 156 N. Y. 363, 50 N. E. 973: "A sale of bonds at par is a sale at the rate of a dollar in money for a dollar in bonds. This is the accepted meaning of the term in the mercantile world, which the legislature is presumed to have adopted in enacting the statute." And after stating that the question was not open for discussion in that sate, the court quotes from *State* v. *Delafield* (1840), 8 Paige (N. Y.) 526; *Delafield* v. *Illinois* (1841), 26 Wend. (N. Y.) 192; *Id.* (1841), 2 Hill (N. Y.) 159, where the court said: "The very idea of

a sale of a bond, or draft, or other security for the payment of money, *at par,* is that it is to be sold dollar for dollar of the amount due and payable thereon." In other words, the par value of a bond means a value equal to the promise on the face of the bond.

"Par value of an interest-bearing bond, on the date of its issuance, is a value equal to the principal thereof; on any day subsequent to its issuance, it is a value equal to the principal plus accrued interest, or, to be more accurate, plus the then value of the accrued interest." *Smith* v. *State, ex rel.* (1911), 99 Miss. 859, 56 So. 179, 35 L. R. A. (N. S.) 789; *County of Duval* v. *Knight* (1900), 42 Fla. 366, 29 So. 408; *Citizens' Sav. Bank* v. *Greenburgh* (1902), 173 N. Y. 215, 65 N. E. 978; *Hogg's Appeal* (1854), 22 Pa. 479; *Diefenderfer* v. *State, ex rel.* (1905), 13 Wyo. 387, 80 Pac. 667.

The next contention of appellee is that the sale of these bonds has been legalized. Section 1 of an act entitled "An Act legalizing certain highway bonds and all proceedings under which the same were issued, and declaring an emergency," (Acts 1921 p. 141, §7726e *et seq.* Burns' Supp. 1921) provides that all bonds theretofore issued and sold pursuant to any order of the board of commissioners of any county, for the purpose of providing money for the construction or improvement of any highway under color of any statute of this state, where the purchase money for said bonds has been actually received and retained, or used for the purpose for which such bonds were ordered to be sold, are legalized, and all proceedings or acts of the board of commissioners or other officer under which said bonds were issued are legalized and declared valid.

The sale of the bonds by appellee Sonderman below par was not only unauthorized, but was prohib-

3, 4. ited. It was made without power and in defiance of a statutory command and was therefore an

illegal sale. But it is well settled that the legislature in the absence of constitutional restrictions has the power to legalize and validate the sale of the bonds in question for less than par. *Schneck* v. *City of Jeffersonville* (1898), 152 Ind. 204, 52 N. E. 212. Statutes enacted for that purpose are remedial in character and are to be liberally construed to effectuate the purpose of their enactment. *Wilson* v. *Bass* (1918), 70 Ind. App. 116, 118 N. E. 379.

Appellant makes no claim that the legislature did not have authority to validate the act of the treasurer in selling the bonds for less than the amount due on them at the time of the sale. Its contention is that the act heretofore referred to cannot be construed as legalizing the sale of the bonds in question because neither the title nor the body of the act purports to legalize any "sale;" that the only things the act purports to legalize are the bonds themselves and the proceedings or acts under which they were "issued." There is no question but what the bonds described in the complaint and sold by appellee Sonderman are covered both by the title and body of the above-mentioned act. They were issued and sold pursuant to an order of the board of commissioners. The bonds in question were valid in all respects except that they were sold for less than par and the sale was legalized by the above mentioned act. The sale being legalized it follows that the act of the treasurer in making the sale was legalized. The act of appellee Sonderman in making the sale being legalized without reserving any right to proceed against him to recover the difference between the par value of the bonds sold and the amount for which he sold them, it follows that the contention of appellant that the only acts of the board of commissioners and other officers legalized were the acts relating to the issuing of such bonds and that the act of the treasurer

in selling the bonds was not legalized, cannot in our judgment be sustained. The evident purpose of the legislature was to legalize all the acts of the commissioners and other officers which were necessary to make the bonds valid, which included the acts of the treasurer in selling them.

There was no error in sustaining the demurrer to the complaint. The judgment is affirmed.