SETTERS ET AL. *v.* STATE, EX REL. ARNETT ET AL.

[No. 14,208. Filed January 13, 1932.]

*Floyd G. Christian, Ralph H. Waltz, Roberts & Roberts, Neal & Little* and *Herald A. Setters,* for appellants.

*James M. Ogden,* Attorney-General, and *Gentry, Cloe & Campbell,* for appellees.

CURTIS, J.—This action was commenced by the State of Indiana on the relation of the board of commission-

ers of Hamilton County against Thomas E. Setters, one of the appellants, as former county treasurer and against the sureties on his official bond. The original complaint was in one paragraph to which was added later a second paragraph. The second paragraph was later amended. Each paragraph alleged the election of Setters to office and his giving bond with the Integrity Mutual Insurance Company as surety thereon and his entering upon the duties of his office; that said surety company afterward became insolvent, and a new bond filed with the appellants herein other than Thomas E. Setters as sureties thereon; that, in the summer of 1927, said Thomas E. Setters abandoned his office, and that, on September 19, 1927, the board of county commissioners of Hamilton County declared said office vacant and appointed his successor, who duly qualified and entered upon the duties of the office. The Northern Indiana Power Company and the city of Noblesville were made garnishee defendants. Paragraph one of the complaint alleged that, as such county treasurer, Setters collected money belonging to the county and converted $27,671.80 thereof to his own use. Amended paragraph two of the complaint alleged the same amount of shortage, and, in addition to the allegations contained in the first paragraph, allocated the various amounts of the shortage among the various funds.

The appellant Wicker filed an answer of general denial and a plea of *non est factum*. The appellant, administrator of the estate of C. W. Passwater, deceased, filed an answer of general denial. Appellants Mary L. Setters, George Eakin, Alex Hair, A. B. Huffman, Charles Ale, Charles H. Heiny and Roy B. Castor filed a plea in abatement to the first paragraph of the complaint, challenging the authority of the board of commissioners to vacate said office for the alleged reasons: That no notice was issued and no opportunity

given Thomas E. Setters to be heard; that no demand was made upon the said treasurer to account to his successor in office for the funds that came into his hands; that suit was commenced on December 2, 1927, although the term of office would not have expired until January 1, 1928, and for the further reason that the board of commissioners of Hamilton County is not the proper relator. The appellee, relator, filed a demurrer to this plea in abatement, which was sustained. Error is predicated upon this ruling of the court, and it is one of the errors relied upon by the appellants for reversal. We will discuss it later in the opinion. The record discloses: That, after the above ruling on the demurrer, the appellee (relator) filed the second paragraph of the complaint to which reference has heretofore been made; that certain parts thereof were stricken out on appellants' motion, and that the relator then filed the amended second paragraph of complaint; that the appellants then demurred to each paragraph of the complaint for want of sufficient facts, and upon the further ground that there is a want of capacity of the relator to sue, and that the board of commissioners is not the proper relator, and that the auditor of Hamilton County is the only proper relator. These demurrers were overruled as to each paragraph of the complaint, but, while assigning this action of the court as error in the assignment of error, the appellants have not seen fit to challenge in their errors relied upon for reversal the action of the trial court in overruling the demurrer to the first paragraph of the complaint and this alleged error is therefore waived. We will consider later the alleged error in overruling the demurrer to the amended second paragraph of the complaint. After the rulings on the demurrer, appellants Thomas E. Setters, Mary L. Setters, George Eakin, Alex Hair, Charles Ale, Charles H. Heiny and Roy B. Castor each filed a general denial to each

paragraph of the complaint, and appellants Mary L. Setters, George Eakin, Alex Hair, A. B. Huffman, Charles Ale, Charles H. Heiny and Roy B. Castor each filed second, third, fourth and fifth paragraphs of answer. The said second paragraph of answer is to the effect that Thomas E. Setters had deposited the funds, alleged to have been converted by him, in the public depositories of Hamilton County, Indiana, according to law, and that he had no official control over said moneys after having so deposited them, and that he did not obtain possession of any of the moneys so deposited by virtue of his office, but that, in violation of law, the public depositories permitted him to withdraw said money in an illegal manner in his individual and personal capacity without proper steps having been taken, and without proper warrants having been drawn to obtain said moneys from said public depositories, and that said money was thus illegally obtained by him from the depositories, and did not come into his hands as an officer or as such treasurer, and that the sureties were not liable for moneys which had been legally deposited in public depositories and thereafter illegally withdrawn by him as was done in this case. The third paragraph of answer sets forth that said Thomas E. Setters had embezzled and converted certain moneys of the treasury of Hamilton County to his own use, but that said moneys were used to replace conversions made by him prior to the time the bond sued upon in the instant case was executed. The fourth paragraph of answer in effect says that Thomas E. Setters was a defaulter and had converted large sums from the treasury of Hamilton County, which fact was well known to the relator and the officers and agents of Hamilton County before the bond sued upon was executed, but that the State of Indiana and its officers and the relators permitted him to continue in office and concealed his defalcations from

said sureties, and held him out to be honest and competent and as a person worthy of confidence, and that said sureties were thereby led to believe he was honest and competent, and that they were deceived and induced to sign said bond, and that there was fraud in the procurement of the signatures of said sureties to the bond. The fifth paragraph of answer alleged that the moneys charged to have been embezzled were converted by the said Thomas E. Setters before the bond sued upon was executed. The appellee, relator, filed a reply in general denial to said second, third, fourth and fifth paragraphs of answer. Upon the issues thus formed, there was a trial before a jury, who returned a verdict against appellant Thomas E. Setters in the sum of $29,845 and against the other appellants in the sum of $18,551.92. Interrogatories were submitted to and answered by the jury, and the appellant sureties filed a motion for judgment upon the answers to the interrogatories notwithstanding the general verdict, which motion was overruled, to which action of the court each of the appellant sureties excepted. Judgment was entered by the court upon the verdict of the jury and in accordance therewith. The appellant sureties filed a motion for a new trial, which motion was overruled, hence this appeal. There is a motion pending to dismiss this appeal upon technical grounds as to briefing. Without deciding whether or not these technical grounds are well taken, the motion is overruled, for the reason that it is easily apparent that there has been, at least, a good-faith effort to comply with the rules. See *Hill* v. *Taylor* (1917), 186 Ind. 680, 117 N. E. 930.

Since this appeal, the appellant Alex Hair has died, and his coappellants, Roy B. Castor, Charles Ale and the administrator of the estate of Alex Hair, have compromised their liability with the appellee, the board of commissioners of Hamilton County.

The errors relied upon for reversal are as follows: "(1) The court erred in sustaining appellee's demurrer to the plea in abatement. (2) The court erred in sustaining appellee's demurrer to the first paragraph of plaintiffs' complaint. (3) The court erred in overruling appellants' demurrer to the amended second paragraph of complaint. (4) The court erred in overruling appellants' motion for judgment on the answers to interrogatories notwithstanding the general verdict. (5) The court erred in overruling appellants' motion for a new trial."

We will take up these alleged errors relied upon for reversal in their numerical order. We think the demurrer to the plea in abatement was properly sustained. The order of the board of commissioners declaring the office of county treasurer vacant could not be thus collaterally attacked. The board had jurisdiction to make the order, and it appeared to be sufficient upon its face. The matters sought to be pleaded in abatement were matters in bar. We also believe that the cause of action accrued before the complaint was filed. There is no doubt but that the board of commissioners of Hamilton County, under the provisions of the Public Accounting Act, Acts 1917 p. 347, ch. 115, §4, being §12663 Burns 1926, are proper relators. *State, ex rel.,* v. *Sonderman* (1923), 80 Ind. App. 443, 141 N. E. 257. The above act, according to its terms, is cumulative, and the auditor of Hamilton County would also have been a proper relator, but not a necessary one. §11900 Burns 1926. ' "Two or more separate laws may establish the same right, or provide redress from the same wrong. And the person seeking to enforce the right or avenge the wrong may proceed on the law he chooses." ' *City of Richmond* v. *Miller* (1915), 58 Ind. App. 20, 107 N. E. 550.

The demurrer to the amended second paragraph of

the complaint was properly overruled. In this demurrer, it was sought to raise the same questions in the main as were attempted to be raised by the plea in abatement. In addition to the authorities cited above, it is well to point out also that the order of the board of commissioners was a binding order from which the appellant Thomas E. Setters had a right of appeal which he did not exercise. See §5976 Burns 1926.

It is next urged by the appellants that the court erred in not rendering judgment for the appellants upon the answers to the interrogatories by the jury, notwithstanding the general verdict. We have examined these interrogatories and the answers, and find nothing therein that in our judgment should be deemed sufficient to overthrow the general verdict.

We have read the evidence, and we feel that the verdict of the jury is sustained by sufficient evidence and that it is not contrary to law. The appellants, who were sureties on the bond, were given credit for the shortages that occurred before they became sureties, and the verdict took such shortages into account. Their contention is not well taken that they are not liable for the moneys converted by the principal on the bond, in instances where he first deposited the money in a proper depository and then wrongfully withdrew the same and converted it to his own use. If the proper depository violated its duty and permitted Thomas E. Setters to convert money of the county to his own use, that fact would not relieve the sureties on his official bond from the liability imposed by law upon them. The question of when the funds were converted, as well as the other questions of fact in issue, were submitted to the jury to decide, and its decision where the evidence is in dispute will not be disturbed. We have examined all of the evidence and we believe the appel-

lant sureties were given credit for all or more than they were entitled to under the facts as proved. Without taking up the several instructions separately, we will say that, as we view the evidence, these instructions are as favorable or more favorable to the appellants than they were entitled to have. We have discovered no reversible error in the admission or rejection of evidence. We find no reversible error. Judgment affirmed.

Neal, J., not participating.